JEFFREY A. MOULTON,
PLAINTIFF PRO SE
33 SOREL ROAD
WARE, MA 01082
(413) 204-1440



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

Cause No.: _____

05 - 30110 - MAP

**JEFFREY A. MOULTON**
      Plaintiff,

    v.

**GAIL L. PERLMAN,** individually and in her official
capacity as First Justice of the Hampshire County
Probate and Family Court of Massachusetts;
**DAVID E. SULLIVAN,** individually and in his
official capacity as Hampshire County Register of
Probate of Massachusetts; **WILLIAM M. O'RIORDAN,**
individually and in his official capacity as
Chief Probation Officer of the Hampshire Probate
and Family Court of Massachusetts;
**KEVIN M. MCDONALD,** individually and in his
official capacity as Probation Officer;
**DENNIS HEALEY,** individually and in his official
capacity as Chief of Police for the Town of Ware,
Massachusetts; **RANDY TOPOR,** individually and in
his official capacity as a Police Officer for
the Town of Ware, Massachusetts;
**LU-ANN J. ELDREDGE,** individually and in her
official capacity as a Police Officer for the
Town of Ware, Massachusetts; **JAMES AYOTTE,**
individually and in his official capacity as a
Police Officer for the Town of Hardwick,
Massachusetts; **KIMBERLY S. MOULTON,** individually;
**JOHN F. GALLAGHER; ROBERT SANDERSON,** individually;
**REGINA SANDERSON,** individually; **RICHARD PRIMAVERA,**
individually;
      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1

**Complaint for Patterns of: Denials and Violations of Civil Rights, Conspiracy to Violate Civil Rights, Neglect to Prevent the Same, Willful Discrimination, Disparate Taxation, and Reckless or Negligent Government Mismanagement; Conversion of Property and, Verified Petition for Damages and Certain Remedial Actions**

Comes now the principal Plaintiff, Jeffrey A. Moulton, in direct support of such complaint now and hereby made before this Court, alleges, states, and submits the following:

## A.  Introduction and Nature of the Case

1. This is a multi-grounded civil rights action at law, at common law, and also in equity, to vindicate and restore various rights of the Plaintiff secured under federal law, to vindicate and restore their various inalienable rights guaranteed under certain portions of, and several Amendments to, the United States Constitution, and for the Plaintiff to claim all rights, damages, and forms of relief obtainable under any available means, in the interests of justice, and through the authority and supplemental jurisdiction vested in this Court by 28 USC § 1367, and also through Article III of the United States Constitution, if and as necessary.

2. In no way, shape, or form, do or will the Plaintiff claim or assert, either expressed or implied, any manner of rights or interests alluding to any aspect of controversy under any state law, whatsoever, excepting only that a matter must be fairly characterized as an act, practice, or policy of, or by, the state which exists or functions in derogation of federal law or federal rights.

3. Further, the Plaintiff expressly disclaim any such potential allusions to matters arising solely under any state law or state rights, with, again, excepting only that a given matter must or might be fairly characterized as an act, practice, pattern, or policy of, or committed by, the state which exists or functions in derogation of federal law or federal rights.

4. The Plaintiff seeks all available forms of declaratory, injunctive, retrospective and prospective relief that correspond to the various causes of action and prayers for relief herein.

5. This case involves applications of family law in a general nature, wherein rightful custody of minor children is in dispute between natural parents, and where the United States Constitution, and consistent, numerous, and binding stare decisis of the United States Supreme Court, provides certain liberty, privacy, and family interest protections to all such natural parents, and wherein various and numerous Acts of Congress have provided similar, or even better, protections.

3

6. This case further involves significant amounts of what appears to be willful, reckless, and negligent fraud, deceit, collusion, and abuse of powers by a statewide and systemic pattern of obstructing, hindering, and otherwise thwarting the rightful and lawful conclusions of due process during any such child custody proceedings held within its own courts of law.

7. This case further involves allegations of widespread and standard practices by the State of Massachusetts to unlawfully discriminate in all areas of domestic relations, within any related or ancillary proceedings, and especially those matters directly concerning child custody and child support, often involving bias or prejudice in favor of, or against, one gender or the other, and the same practices being patently unconstitutional in their prevalent application.

8. This case further involves various allegations of disparate taxation, preferential tax treatment, informal or indirect aspects of taxation without representation, and willful, intentional, negligent, and/or reckless taxation far in excess of what is necessary for the common good, and even in clearly demonstrated derogation of the common good.

9. This case also involves allegations against the Commonwealth of Massachusetts for willful, intentional, negligent, and reckless patterns of general disdain for the common good.

4

10. There presently exists in this nation an entirely overwhelming plethora of federal statutes pertaining to the strict application, by the several States, of domestic relations resolutions in state courts of law, of national public family policies, of numerous authorizations and appropriations of tax dollars to provide various federal funding, grants, and stipends to the several States, and of the existence of variously all-consuming federal budgetary, administrative, and enforcement agencies, bureaucracies, and other organizations to supposedly ensure strict compliance with all such federal law and applicable federal rights; The members of the putative Class essentially have two options available for non-violent redress of the widespread violations of their various rights alleged herein: (1) prosecute the states themselves for routine misapplication of the law; or, (2) prosecute the federal government for failing to enforce its own laws, and allowing the states to consistently misapply the law and violate their rights; The members of the putative Class have chosen the first option, in the hopes that the second option will then become moot.

11. Given the above serious and important natures of this case, the significant implications to the general welfare, and the same including grievous and numerous violations of civil and constitutional rights, this Court should afford special

5

attention thereupon, and impart expediency to the resolution of this action, all pursuant to its authority under 28 USC § 1657 (a).

### B. Parties

The parties consist of a principal Plaintiff, **Jeffrey A. Moulton** and the Defendants, **GAIL L. PERLMAN,** individually and in her official capacity as First Justice of the Hampshire County Probate and Family Court of Massachusetts; **DAVID E. SULLIVAN,** individually and in his official capacity as Hampshire County Register of Probate of Massachusetts; **WILLIAM M. O'RIORDAN,** individually and in his official capacity as Chief Probation Officer of the Hampshire Probate and Family Court of Massachusetts; **KEVIN M. MCDONALD,** individually and in his official capacity as Probation Officer; **DENNIS HEALEY,** individually and in his official capacity as Chief of Police for the Town of Ware,Massachusetts; **RANDY TOPOR,** individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts; **LU-ANN J. ELDREDGE,** individually and in her official capacity as a Police Officer for the Town of Ware, Massachusetts; **JAMES AYOTTE,** individually and in his official capacity as a Police Officer for the Town of Hardwick, Massachusetts; **KIMBERLY S. MOULTON,** individually; **JOHN F. GALLAGHER; ROBERT SANDERSON,** individually; **REGINA SANDERSON,** individually; **RICHARD PRIMAVERA,** individually.

6

## Plaintiff

The Plaintiff, **Jeffrey A. Moulton,** is An American citizen, is a citizen and resident of the Commonwealth of Massachusetts, and alleges a federal dispute and controversy with The parties consist of a principal Plaintiff, Jeffrey A. Moulton and the Defendants, GAIL L. PERLMAN; DAVID E. SULLIVAN; WILLIAM M. O'RIORDAN; KEVIN M. MCDONALD; DENNIS HEALEY; RANDY TOPOR; LU-ANN J. ELDREDGE; JAMES AYOTTE; KIMBERLY S. MOULTON; JOHN F. GALLAGHER; ROBERT SANDERSON; REGINA SANDERSON; RICHARD PRIMAVERA, over being subjected to aspects of variously alleged unlawful practices, patterns, policies, and systemic actions or inactions, and conspiracy that violate certain federal rights, and certain federal law, described elsewhere herein.

## Statement and Description of Plaintiff

12. The principle Plaintiff, is a United States citizens, 18 years of age or older on the date of filing this action, and having conceived two natural children, of whom any one or more of which are currently: (a) living; (b) residing within the jurisdiction of any court of the United States; (c) not institutionalized; and, (d) of age in years so that the very existence of such children either does, or could, give present

7

or future rise to any legal or equitable proceeding in any court for the payment, by such plaintiff, of any form of child support, to any other person or party, in any form or method heretofore established by the Commonwealth of Massachusetts.

13. Further, that the above plaintiff has also been previously adjudicated, by any judge of any court of the Commonwealth of Massachusetts, as a "noncustodial parent", or any other such similar term or phrase commonly applied to represent that such plaintiff does not equally enjoy the same full sets and degrees of physical, possessory, and legal rights to all aspects of the care, custody, and management of his children that are recognized to belong to, or enjoyed by, the other natural (commonly referred to as the "custodial") parent of said children.

14. Lastly, that the above plaintiff, in addition to the above criteria, has either: (a) never been formally convicted, in any competent court of the several States or of the United States, and by proceedings performed with absolute accordance to the full protections of all constitutional due process rights normally afforded every criminal Defendants, as having been either seriously abusive, or seriously neglectful, to the health, safety, or physical or emotional welfare, of any minor child – whatsoever – *but*, specifically excluding from the above criteria *only* those circumstances wherein such prosecution was

8

solely related to nonpayment of child support; or, (b) obtained full reversal, vacation, overturning, or other like purging, of each, any, and all such convictions in any one or more competent courts of the several States, or of the United States.

## Defendants - Functionaries of the Commonwealth of Massachusetts

15. The Commonwealth of Massachusetts is a sovereign, but inferior, republic body of the United States, subject to the provisions of the United States Constitution, all Amendments made thereto, and any express statutory Acts of Congress enacted by the authority thereunder, having willingly joined the Union of the Several States, and thereby also willingly subjecting itself to the supreme power of the Federal Government, and is now made a direct Defendants party to this action, through binding service of process upon its representative leaders, including both Governor Mitt Romney, and Attorney General Tom Reilly, of service of all original pleadings, papers, and the like in this matter, in good faith attempt by the Plaintiff to satisfy any and all notice requirements possibly due upon the complex nature of causes described herein, and is further made a Defendants party due to the virtue of all contentions expressed or implied by the Plaintiff, in and through the paragraphs included under the "Introduction and Nature of the Case" section of this complaint, *supra*, and is also made a Defendants party by virtue of its vicarious liability, and/or liability as

9

respondeat superior, for the various actions, and/or inactions, committed, and/or neglected, by its various subordinate officials, agents, employees, and/or any other representatives that may be generally described herein, and/or by any other persons functioning, and appearing, to represent the Commonwealth of Massachusetts in any official manner, and/or by other persons, or entities, acting in concert with any of the above persons or entities, as well as by its own neglect, and refusals, to act to prevent, and correct, directly, and indirectly, various wrongs, harm, and injuries to the Plaintiff, and property of the Plaintiff, including by criminal acts, and by having conspired with any other persons to commit the same.

## C. **Jurisdiction and Venue**

16. For the various forms of relief that the Plaintiff seeks, and given full consideration that this case entails multiple sets of fairly complex circumstances, with various and numerous causes of action contained thereunder, jurisdiction and venue over all subject matters herein are properly had and held within this Honorable Court, and the same matters arising, under any or all of the following provisions of relevant federal law:

a) Article III, Section 2, of the United States Constitution - regarding issues risen under the Constitution, laws, or treaties of the United States;

10

b) Article IV, Section 2, of the United States Constitution – regarding equal protection of all privileges and immunities of citizens amongst the several States;

c) Article VI of the United States Constitution – regarding the binding of judges in every State under the supreme law of the land, and which same consists of the Constitution, laws, and treaties of the United States;

d) 18 USC § 3231 – regarding offenses committed against the laws of the United States;

e) 28 USC § 1331 – regarding issues arising under the Constitution, laws, or treaties of the United States;

f) 28 USC § 1340 – regarding civil actions relating to internal revenue;

g) 28 USC § 1343 – regarding deprivations of rights, and/or privileges, of citizens of the United States;

h) 28 USC § 1355 – regarding recovery or enforcement of fines, penalties, or forfeitures;

i) 28 USC § 1356 – regarding seizures not within admiralty and maritime jurisdiction;

j) 28 USC § 1367 – regarding supplemental jurisdiction over interrelated claims;

k) 28 USC § 1391 – regarding venue and Defendants generally;

l) 28 USC § 1395 – regarding venue in actions involving fines, penalties, or forfeitures;

11

m) 28 USC § 1441 – regarding the removal of state court subject matters generally;

n) 28 USC § 1443 – regarding denial or violation of civil rights within a state court;

o) 28 USC § 1657 – regarding priority of actions, and temporary or preliminary relief;

p) 28 USC § 1962 – regarding liens, by judgment, upon property within the district;

q) 28 USC § 2201 – regarding creations of remedies and declarations of rights;

r) 28 USC § 2202 – regarding further reasonable, necessary, or proper relief available from this Court;

s) 28 USC § 2283 – regarding this Court's authority to stay proceedings in any state court;

t) 31 USC § 3732 – regarding false claims actions under federal and state laws;

u) 42 USC § 666 – regarding civil actions to enforce child support obligations;

v) 42 USC § 2000b – regarding deprivations of civil rights within public facilities; and

w) 42 USC § 2000b-2 – regarding individual remedies for deprivations of civil rights within public facilities.

17. This Court also has supplemental jurisdiction over all other claims by the Plaintiff that are so related to the claims

herein that they form part of the same case or controversy under
Article III of the United States Constitution.

### D. Allegations of Fact

18. The Plaintiff reserves the sole right to amend this
complaint completely and timely file in this cause, and reserves
the right to retain legal counsel to represent him at all time
in the cause of this action.

19. The Plaintiff, has incurred grievous and irreparable
losses at the hands of the Defendants, due to continuing
unlawful deprivations of relationships with his minor children,
unlawful deprivations of his property, disparate taxation in
general, aberrant treatment in regards to the opportunity of
either state or federal tax credits, and willful, reckless,
and/or grossly negligent mismanagement of the common good by the
Commonwealth of Massachusetts and the pilfering of his property
with the knowledge of the defendants.

20. Each and every minor child of the plaintiff herein
inherently has an equal and reciprocal right to the above same
relationships, as well as vested constitutional and family
liberty interests in, and therefore rights to, the lawful
vindication of the rights of the Plaintiff, and the Defendants
have, by various actions and inactions, essentially assisted,
whether directly or indirectly, in the daily continuation of

13

unlawfully depriving or inhibiting all such relationships without fully applying due process of law.

21. The Plaintiff has been illegally and fraudulently deprived of numerous constitutional and civil rights by the actions and inactions of the Defendants, all as more clearly set forth and detailed in the below-enumerated causes of action.

22. The Defendants have no 11th Amendment immunity against being amenable to suit, due to express waiver by certain Acts of Congress applicable in the various situations alleged herein.

23. The Defendants has no immunity to damages, due to express waiver of such immunity consistently affirmed through numerous decisions by the United States Supreme Court, and that are also applicable in the various situations alleged herein.

24. The Plaintiff is entitled to various awards of damages against the Defendants, and against the estates and any holdings of the Defendants, all until such time as any judgments rendered herein are paid in full, and including any and all interest accrued upon the same.

25. The Plaintiff is entitled to various forms of other relief, according to the nature of the wrongs inflicted, and the gravity of the remedies that are necessary to fully conform all allegedly unlawful practices, policies, and patterns to that required by the United States Constitution.

### E. Allegations of Law

14

26. The Plaintiff has certain and various inalienable rights and guarantees secured to them by the United States Constitution, and also under statutory provisions of the United States Code.

27. Any natural parent has these same such rights and guarantees, regardless of marital status.

28. Each of the Defendants' officers, officials, employees, agents, and other persons or entities involved with judicial and other determinations affecting the outcomes of domestic relations matters, and by their own sworn oaths, have various and certain duties under law, common law, and in equity, to uphold, support, and protect the Constitution of the United States, as well as all statutes, rules, and regulations of the United States.

29. The Plaintiff is not a professional attorney, and his pleadings cannot be held to the same level of technical standards that pleadings from the Defendants should be held to, or that will be expected from any future professional counsel in this cause. See, e.g., *Haines v. Kerner*, 92 S.Ct. 594; *Jenkins v. McKeithen*, 395 U.S. 411; *Picking v. Penna. Rwy. Co.*, 151 F.2d 240; and, *Puckett v. Cox*, 456 F.2d 233.

30. Governments, and the government officials, persons, or entities that represent them, do and will automatically lose any qualified immunity they may have previously enjoyed, upon the

15

commission of any act necessarily done outside the lawful scope of the matter in question. *See*, e.g., *Burns v. Reed*, 111 S.Ct. 1934; *Monell v. Dept. Of Social Services*, 98 S.Ct. 2018; *U.S. v. Lanier*, 117 S.Ct. 1219; *Koon v. U.S.*, 116 S.Ct. 2035, *Dennis v. Sparks*, 101 S.Ct. 183; and, etc.

31. A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it. *See*, e.g., *U.S. v. Guest*, 86 S.Ct. 1170, *U.S. v. Compagna*, 146 F.2d 524; and, etc.

32. Federal judges can set aside or overturn state courts to preserve constitutional rights. *See*, e.g., *Mitchum v. Foster*, 407 U.S. 225; 28 USC § 1441, and 28 USC § 1443.

33. Justice delayed is justice denied. *See* Magna Charta, Article 40, June 15, 1215.

34. A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

35. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis*, 526

F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495
F.2d 714, 716 (8th Cir. 1974)).

36. While the above allegations of law tend to necessarily
invite formal authorities in support, the "well-pleaded
complaint" rule and doctrine admonish that the various causes of
action, each enumerated and described below, should remain free
of any formal argument and authorities, unless, and until, the
Court might direct the tendering of an appropriate memorandum in
support.

## F.  Causes of Action Generally

37. The causes of action detailed herein further below are
grounded, in fact, upon one or more of the following Amendments
to the United States Constitution, and specific statutes of the
United States Code, each of which is included here in relevant
and pertinent parts:

a) **The First Amendment to the United States Constitution** –
"Congress shall make no law… abridging the freedom of speech,
or of the press; or the right of the people peaceably to
assemble, and to petition the government for a redress of
grievances."

b) **The Fourth Amendment to the United States Constitution** –
"The right of the people to be secure in their persons,
houses, papers, and effects, against unreasonable searches and
seizures, shall not be violated..."

17

c) **The Fifth Amendment to the United States Constitution** – "No person shall be... deprived of life, liberty, or property, without due process of law..."

d) **The Sixth Amendment to the United States Constitution** – "In all... prosecutions... the accused shall have the Assistance of Counsel for his defence."

e) **The Eighth Amendment to the United States Constitution** – "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

f) **The Ninth Amendment to the United States Constitution** – "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

g) **The Fourteenth Amendment to the United States Constitution** – "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

h) **18 USC § 241 – Conspiracy against rights** – "If two or more persons conspire to injure, oppress, threaten, or intimidate

18

any person in any State... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons... prevent or hinder his free exercise or enjoyment of any right or privilege so secured-- They shall be fined under this title or imprisoned not more than ten years, or both;... or if such acts include kidnapping or an attempt to kidnap,... they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death."

i) **18 USC § 242 - Deprivation of rights under color of law** - "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States... shall be fined under this title or imprisoned not more than one year, or both... or if such acts include kidnapping or an attempt to kidnap... shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

j) **42 USC § 1981 - Equal rights under the law** - "All persons within the jurisdiction of the United States shall have the same right in every State... to the full and equal benefit of

19

all laws and proceedings for the security of persons and property as is enjoyed by white citizens..."

   k) **42 USC § 1985 - Conspiracy to interfere with civil rights** - "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified... or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;... or... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such

conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

l) **42 USC § 1986 - Action for neglect to prevent** - "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as Defendantss in the action;"

m) **42 USC § 1988 - Proceedings in vindication of civil rights** - "The jurisdiction in civil and criminal matters conferred on the district courts... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are

21

suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

n) **42 USC § 1994 – Peonage abolished** – "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void"

o) **28 USC § 1443 — Civil rights cases** – "Any of the following civil actions or criminal prosecutions, commenced in a State

22

court may be removed by the Defendants to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

p) **28 USC § 1657 - Priority of civil actions -** "Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite... any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute... would be maintained in a factual context that indicates that a request for expedited consideration has merit."

38. Some of the various and numerous federal family law statutes alluded to in ¶ 10, *supra*, include, for a very short

23

and limited example purpose only, the following binding rules of law upon the several States, to-wit: 42 USC § 192; 42 USC § 242k; 42 USC § 243; 42 USC § 246; 42 USC § 247b; 42 USC § 247c; 42 USC § 247d-1; 42 USC § 264; 42 USC § 280b-1; 42 USC § 280b-1a; 42 USC § 283c; 42 USC § 283f; 42 USC § 601; 42 USC § 602; 42 USC § 603; 42 USC § 608; 42 USC § 613; 42 USC § 629; 42 USC § 666; 42 USC § 669b; 42 USC § 1314; 42 USC § 1314a; 42 USC § 1320b-9; 42 USC § 1397; 42 USC § 1397f; 42 USC § 1975a; 42 USC § 1975d; 42 USC § 3604; 42 USC § 3617; 42 USC § 3631; 42 USC § 3721; 42 USC § 3731; 42 USC § 3751; 42 USC § 3789d; 42 USC § 4272; 42 USC § 4501; 42 USC § 4502; 42 USC § 4701; 42 USC § 5025; 42 USC § 5102; 42 USC § 5116; 42 USC § 5116a; 42 USC § 5601; 42 USC § 5602; 42 USC § 5701; 42 USC § 5771; 42 USC § 5781; 42 USC § 9901; 42 USC § 10401; 42 USC § 10420; 42 USC § 10702; 42 USC § 11601; 42 USC § 11603; 42 USC § 12301; 42 USC § 12351; 42 USC § 12352; 42 USC § 12371; 42 USC § 13001; 42 USC § 13011; 42 USC § 13012; 42 USC § 13021; 42 USC § 13862; 42 USC § 13881; 42 USC § 13992; 42 USC § 14141; and, 42 USC § 14193.

39. In fact, the above statutes of the United States Code are by no means a complete listing, as each represents entire *sections* and *chapters* of Title 42 of the United States Code, dealing with, controlling, funding for, administering, enforcing, and expressing specific national policy in regards to virtually **every** conceivable aspect of all types of domestic

24

relations proceedings, juvenile proceedings, child abuse and neglect proceedings, domestic violence proceedings, child support proceedings, garnishment orders, and the entire gamut of almost *every* possible type of ancillary proceeding that could be attributed to what **used** to be known as "state" family law.

40. In reality, the Federal Government, by the duly authorized enactment, over the past quarter-century or so, of such an incredibly enormous and all-encompassing scope of Acts of Congress, has _more_ than achieved a "co-ownership" of family law – it has *taken over* family law, for all intensive purposes.

41. Accordingly, any ill-contrived attempt by the Defendants, to laughably suggest that some form of "abstention" would be appropriate in an action including controversy over "strictly state" family law, will be countered – forthwith – with an immediate motion for certification of such defense as patently frivolous, and for all appropriate and corresponding sanctions thereupon.

## G.  Causes of Action Specifically

42. The United States Supreme Court has long and consistently held that the care, custody, maintenance, management, companionship, educational choices, and general child-rearing decisions related to one's children are fundamental rights protected by the Federal Constitution.

43. As such, any actions by any person or entity, whether it be by a person acting alone, in conjunction with another, directly or indirectly, by any State entity, or demonstrated by a pattern of deprivations generally attributable to the State itself, that intrude upon these fundamental rights, are patently unconstitutional until, and unless, first validated by a substantially compelling State interest applied with strict scrutiny, and only performed in the least intrusive manner.

44. The State is not permitted to intrude upon these fundamental rights of the natural parent without clear and convincing proof of demonstrable harm to the child(ren) in question.

45. All natural parents existing under the jurisdiction of the State of Massachusetts are constitutionally entitled to be free of government intrusion in the care, custody, and maintenance of their children, unless there is clear and convincing evidence of proven harm, or of the threat or danger of such harm, to the minor children in question.

46. The United States Supreme Court has consistently reminded that there is a presumption that fit parents act in their children's best interests, and that there is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children.

### FIRST CAUSE OF ACTION:
### Gross negligence and reckless disregard for duties owed in custody proceedings

47. The Defendants have willfully committed gross negligence and reckless disregard of the various basic and absolute duties owed towards each member of the Class, and their related inherent, natural, legal, and constitutional rights to equal custody of their minor children, all in violation of various civil and constitutional rights, and also contrary to the laws of the United States, and they should be therefor found due and owing to the Plaintiff for certain amounts of damages, and all remedial actions appropriate therefor should be taken immediately.

### FIRST CAUSE OF ACTION: Facts
### DEPRIVATION OF CIVIL RIGHTS
### Title 42, sec. 1983

48. The allegations set forth above in paragraphs 1 through 49, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

49. All judges of the Commonwealth of Massachusetts that have jurisdiction over domestic relations actions have each, at some point in time previously, sworn their very oath upon taking the office of judge, to defend, uphold, protect and provide for the sacred guarantees of civil and constitutional rights, as well as also the same for the laws of these United States.

27

50. In addition, the same judges have various legal duties, under professional conduct rules for attorneys, and various judicial conduct canons, to promote, use, and restrict themselves to honesty, candor, impartiality, fundamental fairness and similar qualities and traits of integrity, at all times during the litigation of any legal proceedings.

51. The Commonwealth of Massachusetts, as a corporate body responsible for the welfare of its citizenry, and for the ultimate protections of the rights of each United States citizen within its jurisdiction, is also therefore responsible for ensuring that its collection of judicial officers, by and through standard practices, policies, and procedures, or any other means necessary, do not violate, on a systemic scale, any of the aforementioned federal laws, rules, and regulations pertaining to the widespread application of family law, and of federal rights and privileges, in regards to the general determinations of child custody between divorced, separated, and unwed natural parents.

52. The State, as a whole, has consistently misapplied the doctrine of parens patriae when no compelling public interest exists, and engaged in a standard practice of unlawful takings of the various rights to custody that should be constitutionally shared equally between natural fit parents who do not remain together; The State has further erred by failing to notice such

28

widespread misapplication, and even further erred by failing to correct such widespread misapplication, and all such errors have injured each member of the putative Class herein, and continue to do so on a daily basis.

53. The State, as a whole, has consistently misused the familiar notion of "the best interest of the child", when no reasonable clarity exists to place any United States citizen on fair notice as to what exactly that vague and ambiguous phrase means.

54. Further, Constitutional law regarding custody of children is based on parental rights. This is to protect children, as minors are not capable of properly representing, or even knowing, their interests, and the natural parents are always best to do so, absent a strongly compelling reason.

55. The State, as a whole, and by misusing the vague and inferior "best interest" notion, has been engaging in a standard practice of unlawful takings of the various rights to custody that should be constitutionally shared equally between natural fit parents who do not remain together; The State has further erred by failing to notice such widespread misusage, and even further erred by failing to correct such widespread misusage, and all such errors have injured each member of the putative Class herein, and continue to do so on a daily basis.

56. Strict scrutiny has two components: due process and equal protection. The due process component consists of two parts. The first is that there must be a compelling State interest present for the State to invade, in any way, the privacy and liberty of the parent-child relationship. A wall exists between government and the parent-child relationship that can only be breached when the child is in harm to the level of substantial child abuse or neglect. If the child is first found to actually be in such substantial harm, or imminent danger of such harm, then the second due process part, narrowest intervention, still applies, and the State must refrain from invading the sacred parent-child relationship, excepting only in the least intrusive way. Further still, before invading any natural parents' right to custody, care, and management of his or her child, the second strict scrutiny component, equal protection, requires that the parents cannot be put into separate classifications of "custodial" and "non-custodial", regarding either physical (residential) or legal (decision-making) rights to their children, again, excepting only a strongly compelling reason otherwise to legally justify a taking of actual control and custody of the child itself, under the application of the parens patriae doctrine.

57. The Constitutionally-conforming result in any and all child custody litigation between two fit natural parents must – always – be an equally-divided allotment of the various rights,

time, care, custody, control, and management of such children that is always, and has been, naturally inherent to either fit parent.

58. Yet, again, the State, as a whole, has consistently ignored the above requirements of the Constitution, before engaging in a standard practice of unlawful takings of the various rights to custody that should be constitutionally shared equally between natural fit parents who do not remain together; The State has further erred by failing to notice such widespread unconformity, and even further erred by failing to correct such widespread unconformity, and all such errors have injured each member of the putative Class herein, and continue to do so on a daily basis.

59. Further, the Class alleges that the State, as a whole, has willfully, recklessly, and/or negligently perpetuated and exacerbated the entire situation, by routine violations of the aforementioned federal public family and parent-child relationship policy statutes, by routine usage of protective and restraining orders illegally done "ex parte" to favor default sole custody by one parent (when the whereabouts of other parent are already known for normal service of process), by the routine issuance of ex parte "household" protective and restraining orders used essentially to favor default sole custody by one parent, and directly interfering, without due process of law,

31

with the other parent's right to uninhibited relationships with
the minor children in question, by routine issuance of ex parte
protective and restraining orders used essentially to favor
default sole custody, by disparately taking property away from
the other parent (sudden residential evictions), by the changing
of children's names often done without proper notice, or even
notice of any kind, for any reason, and by the changing of
children's names often done to assist the fraudulent concealment
of the children from the other parent, even though such changing
of children's names is inherently very poor business practice
for purposes of social security, medical history, taxes, and
other types of nationally administrative reasons.

60. The various allegations above well constitute a standard
pattern, practice, and even an unwritten policy, of deliberate
indifference committed and/or allowed by the State, as a whole,
in regards to violations of the various constitutional rights of
each and every member of the Class to custody, care, control,
and management of his or her children.

61. The above-described facts constitute violations of at
least: the unreasonable seizures prohibited by the Fourth
Amendment to the United States Constitution; the prohibited
deprivations of life, liberty, and/or property, without due
process of law, that are all protected by the Fifth and
Fourteenth Amendments to the United States Constitution; the

32

absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

62. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief under section "H" of this pleading.

**SECOND CAUSE OF ACTION:**
**Refusals to enforce the law as it is written**
**and support lawful parenting time**

33

63. The Defendants have willfully, reckless, and negligently refused or neglected to ensure that the plaintiff, as a whole, enjoy even the reduced parenting time that the State itself "allowed" him to have, let alone the equal amount of parenting time that comports with the Federal Constitution for all fit natural parents, and the Plaintiff' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and constitutional rights, and that the Defendants should be therefor adjudged due and owing to the Plaintiff for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

## SECOND CAUSE OF ACTION: Supporting facts

64. The allegations set forth above in paragraphs 1 through 63, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

65. While the Plaintiff allege and maintain that he has various rights and liberties to share *equal* parenting time with his children, *supra*, he notes that even the allegedly unlawful and reduced parenting time that is "allowed" by a state court is rarely, if ever, enforced, leaving them with no reasonable remedies with which to restore and secure even *that* amount of "visitation" - a term which the Plaintiff abhor, and liken to libel and slander of a wrongful status.

34

66. The State, as a whole, consistently violates both the letter, and the spirit, of certain federal statutes included within ¶ 40, *supra*, and misapplies various practices or policies in direct violation of express intent in federal grants to states to provide access and visitation programs.

67. The State, as a whole, consistently demonstrates a deliberate indifference pattern in failure to neglect to prevent violations of the various rights of the Plaintiff to their parenting time, equal or reduced, by allowing "custodial" parents to engage in distant move-aways with the children in question, essentially cutting off all parenting time that can be ever exercised by a noncustodial parent, by refusals to use contempt or other coercive methods to induce custodial parents into affording even the reduced parenting time that has been allowed by the state courts, and consistent refusals to arrest or file charges against even the most contemptuous custodial parents who regularly interfere with parenting time of a noncustodial parent.

68. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

69. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

70. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the

36

manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief of this pleading.

### THIRD CAUSE OF ACTION:
### Conspiracy to enforce unlawful child custody orders

71. The Defendants has engaged in a conspiracy with all others of the several States to enforce such aforementioned unlawfully determined child custody orders, and the Plaintiff' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and constitutional rights, and that the Defendants should be therefor adjudged due and owing to the Plaintiff for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### THIRD CAUSE OF ACTION: Supporting facts

72. The allegations set forth above in paragraphs 1 through 71, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

73. The Federal Government enacted the Uniform Child Custody Jurisdiction Act (UCCJA), and also appropriates and distributes various federal funding to administer, support, and enforce the existence and the provisions of the same Act, contingent upon

37

the Defendants' complicity to enact and maintain a similar or identical law and practice, and "hiding" behind one or more Full Faith and Credit Clause(s) to enforce child custody orders of any one of the several States.

74. While maintaining such a practice would be lawful in regards to enforcing the existence of a child custody order that was previously made in full compliance with the various protections of family, liberty, and privacy guarantees of the United States Constitution, enforcing a child custody status that was ordered without application of the same protections is unlawful.

75. The Plaintiff allege that the Defendants has arbitrarily and capriciously acted in bad faith, recklessness, and negligence, in failing to first ensure that any such child custody order made by another of the several States, and being asked to enforce the same within its own jurisdiction, was ordained in full compliance with the various protections of family, liberty, and privacy guarantees under the United States Constitution, and that the Plaintiff have generally suffered continued violations of those same said guarantees, due to the Defendants' actions or inactions.

76. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole,

in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

77. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

78. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and

39

deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief under section "H" of this pleading.

## FOURTH CAUSE OF ACTION:
### Defrauding in regards to child support

79. The Defendants has taken property and liberty of the Plaintiff, and threatened to take property and liberty of the Plaintiff under pain, penalty, and even force, all to ostensibly enforce generally unlawful orders of child support, and has generally defrauded the federal government, and thereby also the federal and state taxation processes used against the Plaintiff, in regards to fraudulent obtaining of various forms of federal funding that was originally designed to support only the states' true needs for assisting children falling under the doctrine of parens patriae, the Defendants routinely allows orders of child support against the Class to be made and exist in clear derogation of the right of any fit natural parent to best determine the appropriate amount of spending upon his or her children without undue interference by the state, and the Plaintiff' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United

States, also in violation of various civil and/or constitutional rights, and that the Defendants should be therefor adjudged due and owing to the Plaintiff for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### FOURTH CAUSE OF ACTION: Supporting facts

80. The allegations set forth above in paragraphs 1 through 79, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

81. The Plaintiff assert that how much money a parent spends for the care and maintenance of their children is a parenting decision and thus is a constitutionally guaranteed fundamental right. The State government is not permitted to intrude upon this fundamental right without clear and convincing proof of demonstrable harm to a child.

82. By mandating child support based on combined parental income, the Defendants exceeds the constitutionally permitted right of the State to intrude in the federal right to privacy of both fit natural parents.

83. Additionally, awards of child support based on income shares are inherently erred in relation to the actual needs of raising children, and have no basis in fact or established data.

84. Support guidelines are also inherently arbitrary, capricious, and unconstitutional, without formal and prior

41

establishment of the economic data mandates required under federal law.

85. Additionally, there exists no method of reasonable accountability for proving that support is actually used on behalf of the children, or for what purposes, and what little degree of accountability that does exist is routinely ignored by the Defendants' family courts, to the detriment of not only the Plaintiff, but also to the detriment of the children in question.

86. Further, the Defendants arbitrarily, capriciously, and routinely issues such child support orders against fit a natural parent who does not remain together, yet, disparately does not subject the same enforcement upon any parents who are married, or who are otherwise living together, or even against any other parents who have yet to come before the Defendants' "family" courts.

87. The prerequisites of obtaining a lawful child support under Title IV-D of the Social Security Act include strict interpretation of the needs of the child.

88. The term "child support" is a legal term of art originating from the Social Security Act of 1935 for the sole purpose of providing for a child who has an "absent parent" or "continued absence" - creating a "dependent child", the criteria of which is a child who has been deprived of parental support or care by

42

reason of; 1) death, 2) continued absence from the home, or 3) physical or mental incapacity of a parent. *See* 42 USC 606(a).

89. The term "continued absence" includes abandonment, military service, or incarceration, but not the situation created by the Defendants' arbitrary and capricious segregation of two fit natural parents into different suspect classes - one "custodial", and one "noncustodial".

90. Congress used "child support" throughout Title IV of the Social Security Act, and its amendments, as a term of art referring exclusively to payments from absent parents. *Sullivan v. Stroop*, 496 U.S. 478 (1990).

91. Further, the federal "Bradley Amendment" applies to prohibit unlawful retroactive child support arrearages, but the Defendants' family courts routinely apply retroactive arrearages in even the most egregious circumstances of due process violations. *See* 42 USC 666.

92. In spite of all of the above guarantees and protections that exist for the Plaintiff' benefit, the Defendants has consistently violated such federal law, and the rights of fit natural parents, to faithlessly "engineer" a de facto system wherein fit natural parents are first unlawfully and routinely divided into different suspect classes, and then subjects the "lesser" parent to a barrage of further unlawful treatments, including takings of property (i.e., monies for "child support")

43

without due process, intimidation, threats, and various forms of coercion, whether expressed or implied, to "enforce" such child support orders obtained only in strict derogation of the specific language and prerequisites of the Social Security Act, and in violation of the other aforementioned legal barriers to the same, completely disregarding the legal definition of "non-public assistance IV-D case" - meaning a "child support" case that is only true and necessary for children at risk of being impoverished if one parent did not provide for them, i.e., a true circumstance of the Defendants' lawful parens patriae interest in a particular case.

93. Further, the Defendants' agencies continually refuse, neglect, or fail to make required investigations into true and lawful eligibility of children for public assistance - when applications for such are made by one parent - the disparately enhanced "custodial" parent - for various types of assistance such as AFDC or TANF.

94. In all of the Defendants' counties, social services agencies are carrying out the provisions of AFDC or TANF, and improperly acting as federal "agents", providing public assistance and establishing child support orders.

95. The Defendants blatantly disregards the 42 USC 1301(d) objection provision, where state officials act as federal agents in "taking charge" of a child, primarily for the sake of

44

obtaining federal block grant funding for child support enforcement, in spite of the fact that there is no compelling state interest or state interest in the care of such child.

96. By creating and enforcing fraudulently-based child support orders that do not comport with either various federal laws, or even the Federal Constitution, the Defendants unilaterally subjects all members of the Class to either direct peonage, or at least the strong and coercive threat of peonage, essentially creating a conspiracy of court-assisted enslavement of, and profiting against, one fit natural parent by the other, all in direct violation of the 13th Amendment to the United States Constitution.

97. By way of several generally-known and practiced examples, such inherent threats include "debtors prison", whether done by criminal charges or by forms of contempt, threats of takings of drivers licenses, threats of takings of professional licenses, and etc. – all done in direct contravention of the privacy, property, and liberty protections of the Federal Constitution.

98. The Defendants also routinely engages in unlawful takings of federal tax returns based upon such fraudulent calculations of child support owed.

99. Webster's New World Dictionary defines the following:

**fraud** (frôd), n. [M.E. & OFr. *fraude*; L. *fraus, fraudis*],

1. a) deceit; trickery; cheating.

45

b) in law, intentional deception to cause a person to give up property or some lawful right.

2. something said or done to deceive; trick; artifice.

3. a person who deceives or is not what he pretends to be; impostor. - *SYN*. see **deception**.

100. The Plaintiff has not yet formally brought this as a qui tam action under the Federal False Claims Act, but have instead chosen to alert the United States Attorney General of the same patterns of fraudulent obtaining of federal funding.

101. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various corresponding constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

102. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all

46

secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

103. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief of this pleading.

### FIFTH CAUSE OF ACTION:
### Disparate taxation

104. The Defendants disparately taxes, and causes further disparate taxation, of the unlawfully segregated Plaintiff as a fit natural parent, and the Plaintiff alleges that such a pattern of the deprivations of lawful rights is contrary to the

47

law and dignity of the United States, also in violation of various civil and constitutional rights, and that the Defendants should be therefor adjudged due and owing to the Plaintiff for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### FIFTH CAUSE OF ACTION: Supporting facts

105. The allegations set forth above in paragraphs 1 through 104, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

106. Again, the arbitrary and capricious separation of two fit natural parents into different classes is patently unconstitutional.

107. By creating such a disparate circumstance, one of the two fit natural parents is given rights and benefits enhanced at the expense of the other fit natural parent's loss, including by way of unequal taxation treatment.

108. Familiar examples include allowing state and federal child exemption credits only for "custodial" parents, and allowing state and federal earned income credits only for the same custodial parents, but not allowing any such credits to inure to the benefit of the "noncustodial".

109. Additionally, the Plaintiff allege that the very system of child support orders constitute a battery of unlawful and

additional taxes, caused and enforced by the Defendants upon them.

110. Further, that the Defendants fraudulently assists custodial parents in reaping financial windfalls at the graven expense and injury to noncustodial parents, in that they essentially exist as unlawfully forced continuing transfers of wealth between two parties who no longer stand in the relation of mutually benefiting contracts or relationships, thus constituting unlawful takings.

111. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

112. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all

49

secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

113. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief of this pleading.

### SIXTH CAUSE OF ACTION:
### Willful, reckless, and negligent government mismanagement

114. The Defendants has willfully, recklessly, and negligently engaged in a general pattern of serious mismanagement of society and taxation, and the Plaintiff' alleges that such a pattern of the deprivations of lawful rights is contrary to the law and

dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendants should be therefor adjudged due and owing to the Plaintiff for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### SIXTH CAUSE OF ACTION: Supporting facts

115. The allegations set forth above in paragraphs 1 through 114, *supra*, inclusive, are incorporated into this cause of action, herein by reference as if fully set forth in full.

116. The Defendants are aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that children of divorced parents who have two primary parents in their lives do better in school, are better adjusted and happier than children raised by only one primary parent, and that children in joint custody arrangements have less behavior and emotional problems, higher self-esteem, better family relations, and better school performance than children who are subjected to sole custody arrangements.

117. The Defendants are aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that a pattern of awarding sole custody dramatically increases the incidence of crime, poverty, drugs, suicide, dropouts, teenage pregnancies, and etc. - all of which cost taxpayers significant, and even unbearable, financial

51

burdens, yet continues to support, and even encourage, these routine awards of sole custody, even after announcing and recognizing its own consistent catastrophic budgetary failures.

118. The Defendants are aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that the very existence of custodial "move-aways" dramatically increases the incidence of parental kidnappings, which dwarf all other types of kidnappings, yet continues to allow move-aways to happen, in spite of increased tax burdens that result from the ensuing processes in tracking down and administering the consequences. An in-depth analysis, conducted in 1990 by the U.S. Department of Justice, confirmed that over 350,000 children were abducted that year by a family member – typically a parent involved in a custody dispute – while the number of stereotypical kidnappings of children for ransom amounted only to a few hundred nationwide.

119. The Defendants are aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that refusals to ensure that both fit natural parents are treated fairly and constitutionally within the realm of family courts is directly or indirectly responsible for countless murders, suicides, and murder-suicides. Every week, approximately 300 fathers and 75 mothers commit suicide in this country, with the majority of these senseless deaths

52

directly attributable to victimization by family courts. These suicides are often committed by passive parents, due to hopelessness in a system fraught with injustice, but the more aggressive parents occasionally snap at the weight of suffering such anguish, and violently take out their desperation on estranged partners, sometimes even murdering them, and possibly the children, before also killing themselves.

120. The Defendants is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that refusals to ensure that both parents are treated fairly in family courts is directly or indirectly responsible for large and unnecessary additional direct tax burdens upon every citizen, through increased welfare spending and self-serving enlargement of state "family" agencies and entities. The Defendants itself appropriates and spends an overwhelming quarter, or more, of its annual budget on various welfare programs.

121. The Defendants is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that refusals to ensure that both parents are treated financially fairly in family courts is directly or indirectly responsible for vast numbers of personal and corporate bankruptcies, which are absorbed into later tax burden increases.

122. The Defendants is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that there is a progressive reporting of publicly demonstrated general pattern of fraud and abuse in state so-called "family agencies", which are very costly, and violate rights on an unprecedented scale.

123. The Defendants is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that patterns of routine awards of sole custody inherently create and encourage divorce rates and other family breakdown on a massive scale, adding to the reckless or negligent festering of a society plagued by ever-increasing percentages of the population infected by sexually transmitted diseases, most notably AIDS, which cost even further increased taxes to address these important social problems and dangers.

124. The Defendants is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that patterns of routine awards of sole custody inherently create and encourage divorce rates and other family breakdown on a massive scale, adding to the reckless or negligent ignoring of the root causes of the vast majority of child abuse and neglect in this nation. The National Clearinghouse for Child Abuse and Neglect Information, a service of the U.S. Department of Health and Human Services,

54

consistently reports that, year after year, single parents are responsible for almost two-thirds of all substantiated cases of abuse and neglect committed against children – more than all other classes of perpetrators combined. The national costs of these child abuse and neglect incidents surpassed $94 billion in 2001, according to Prevent Child Abuse America. Whereas the majority of child abuse can be easily prevented, by simply ensuring the regular presence of both parents in the daily lives of children. Involving the eyes and ears of both parents creates a naturally self-balancing situation, wherein a child's health and safety is automatically monitored by opposing sides who stand to gain if the other side fails, but the Defendants has caused, in most cases, the child in question to no longer be able to be monitored by both such fit natural parents, and therefore the Defendants is either directly or proximately responsible for the acts of abuse and neglect that the children suffer.

125. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and allowed by the Defendants, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children, and even against

all of society, and against all corresponding United States citizens and taxpayers as a group and a class.

126. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

127. The Plaintiff, is entitled to various awards of damages against the Defendants for the grievous violations and deprivations of the civil and constitutional rights described

herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiff' prayers for relief of this pleading.

## Prayers for Relief

128. That given due consideration to all of the above, the Plaintiff now and hereby pray this Court for the following enumerated forms and natures of relief.

129. Plaintiff pray this Court that all issues in this cause be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

130. Plaintiff pray this Court for immediate restoration/elevation to equal custodial status for all "fit" (no proven abuse/neglect of kids) noncustodials who have already have any present, ongoing relationships (within the prior 30 days) with his minor children

131. Plaintiff pray this Court for a progressive, probationary period opportunity for any and all "fit" noncustodials, who have been denied all visitation by custodials for 30 days or more, to achieve the same above status, upon successful completion of

57

phased-back-in visitation schedule (suggested 4 to 8 week term of "probationary period"; documented exercise of all "visitation" equals satisfactory completion; any interference of such "probationary" visitation by custodial parent is a strict violation, and can be used against that "unfit" custodial parent for switch of a permanent award of remaining sole custody).

132. Plaintiff pray this Court for prohibition against custodial move-aways of minor children from their original physical residences with the natural parents, or, that such a parent must provide voluntary relinquishment of his or her share of equal child custody, in the event they elect to move more than sixty (60) miles away from the children's original physical residences with the natural parents.

133. Plaintiff pray this Court for abolishment of forced / court-ordered child support in most cases, due to equal custodial status. All future expenses of children are to borne by each parent during their own parenting time. Only a very few expenses, like schoolbooks, medical insurance, and etc., to be allowed still officially split 50/50 by parents under the guise of state assurance (courts).

134. Plaintiff pray this Court for revamping of all remaining child support orders, in those few cases where there will still be one custodial and one noncustodial (due to: abuse/neglect by one parent, lengthy imprisonment of one parent, long-term long-

distance military service by one parent, and etc.), to be due-process based upon various true, reasonable, and realistic circumstances involving total finances in both parental households.

135. Plaintiff pray this Court for direction of reimbursements from custodial parents back to noncustodial parents, in all situations wherein the amounts of child support orders were in excess of the maximum limits of federal law.

136. Plaintiff pray this Court for actual (not just historical) abolishment of all child support "debtors prison", whether done via criminal charges or contempt.

137. Plaintiff pray this Court for abolishment of all child support "forfeitures" - the takings of drivers and professional licenses for "nonpayment" of child support.

138. Plaintiff pray this Court to direct that the Defendants establish sufficient numbers of public (staffed) neutral visitation exchange centers, enough to support temporary or permanent usage by any parent, custodial or noncustodial, upon reasonable belief of need due to threatened or actual visitation interference by the other parent, intended mainly for monitoring purposes

139. Plaintiff pray this Court for prohibition against the changing of children's existing names and surnames without mutual and voluntary agreement by both parents.

140. Plaintiff pray this Court for a just, sufficient, and reasonable award of various damages, against the Defendants, and the same upon its estate and all holdings, present and future, and the same declared jointly and severally liable as amongst all co-conspirators, in the aggregate value of $1,000,000.00 payable per Plaintiff, including all judgment interest obtainable pursuant to 28 USC § 1961(a), and accruing thereon, executable upon all monies, property, chattels, assets, goods, pecuniary interests, and anything whatsoever of any value, tangible or intangible, that may be owned or controlled, wholly or partially, by said Defendants, along with execution and garnishment against all of said Defendants' forms of income, interests, or any other earnings, present and future, all and the same until such time as said judgment(s) is/are satisfied as to the Plaintiff' favor, paid in full, or otherwise settled by lawful agreement.

141. Plaintiff prays this Court grant an award recompensing their costs of litigation, including all reasonable expenses and fees therein.

142. Plaintiff pray this Court for an appropriate portion of the above-sought damages to be in the form of directing the Defendants to provide the Plaintiff with various compensatory tax treatment(s) as previous "noncustodial" parents, for a fixed term of years, in reconciliation and balance for previous and

existing disparately applied custodial tax benefits and tax preferences.

143. Plaintiff pray this Court for an appropriate portion of the above-sought damages, to be in the form of execution against unused, abandoned, or unnecessary state property and assets, with disbursement of these damages by liquidation or direct transfer of title.

144. Plaintiff pray this Court to direct that the Defendants pay back, to the federal government, all appropriate portions of federal funding obtained due to fraudulent acquisitions thereof.

145. Plaintiff pray this Court to direct declarations of express rights of the Plaintiff to individually sue state actors for damages, and all other appropriate relief, in proven willful abuses of process.

146. Plaintiff, and on behalf of all citizens of the United States, and on behalf of all other persons or entities that may also either be, or become, parties to domestic relations cases, or related types of cases, within the Defendants' courts, pray this Court to cause and enforce the immediate prohibition of all above described violative practices that may be happening within the various courts of the Defendants, by issuing an appropriate declaratory order permanently enjoining the same, and the same being crucial and imperative to ensure that the civil rights of

an undetermined number of United States citizens, are no longer either deprived nor neglected by the same courts.

147. Plaintiff pray this Court to enjoin as Defendants, pursuant to the protections of Plaintiff' rights provided for under 42 USC § 1986, any persons or entities that engage in this matter and attempt - in any way - to pervert, hinder, obstruct, or delay justice in this cause, or of the true and due course thereof, and to hold such Defendants jointly and severally liable to all awards of damages in favor of the Plaintiff, including any additional judgments or penalties determined because of said attempts by such persons or entities, all pursuant to law.

148. Plaintiff also prays this Court grant and compel all such other and further relief deemed just and proper in the premises.

**WHEREFORE**, the undersigned Plaintiff, Jeffrey A. Moulton, now prays this Court for the above described forms of relief, and such substantially similar relief; and, for all other relief that is just and proper in the premises.

Respectfully submitted,

Jeffrey A. Moulton
36 Sorel Road
Ware, MA 01082
(413) 204-1440

62

## Verification

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and specifically by the provisions of 28 USC § 1746, that I am the principal Plaintiff in the above captioned action, that I am also a natural parent of at least one living minor child, and that both of us are natural-born citizens of the United States, that I am a resident of the Commonwealth of Massachusetts, that I also allege a federal dispute and controversy with the Commonwealth of Massachusetts, over the rightful amount of time, care, custody, and management of and with such child, that I have read and understood the above complaints and petitions, and that the above and foregoing information contained within the same are true and correct to the best of my knowledge, information, and belief - so help me, Almighty God.

Executed at Springfield, Massachusetts this 10th day of May, 2005.

Jeffrey A. Moulton

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEFFREY A. NAVITON

(b) County of Residence of First Listed Plaintiff  Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

05 - 30110 - MAP

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
GAIL L. PERLMAN, ET AL

County of Residence of First Listed Defendant  Hampshire
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☑ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☑ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. 42 SEC 1983, ET AL
Brief description of cause:
Violation of Civil Rights, Deprivation + Conversion of Property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  5/10/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _JEFFREY A. MOULTON  US_
_GAIL L PERLMAN, ET AL_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)). **05-30110-MAD**

    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓   II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   \*Also complete AO 120 or AO 121
            740, 790, 791, 820\*, 830\*, 840\*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_U.S.C. 42, SEC 1983 ET AL_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

        YES        NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

        YES        NO ✓

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

        YES        NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

        YES        NO ✓

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

        YES ✗        NO ✓

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division        Central Division ✗        Western Division _/_

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division        Central Division        Western Division ✓

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

        YES        NO

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _JEFFREY A. MOULTON_
ADDRESS _P.O. BOX 994 33 SOREL RD. WARE MA 01082_
TELEPHONE NO. _413 204-1440_

(CategoryForm.wpd - 5/2/05)