UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DOCKET NO. 05-30110-MAP

| | |
|---|---|
| JEFFREY A. MOULTON,<br>Plaintiff<br>v.<br><br>GAIL L. PERLMAN, individually and in her official capacity as First Justice of the Hampshire County Probate and Family Court of Massachusetts; DAVID E. SULLIVAN, individually and in his official capacity as Hampshire County Register of Probate of Massachusetts; WILLIAM M. O'RIORDAN, individually and in his official capacity as Chief Probation Officer of the Hampshire Probate and Family Court of Massachusetts; KEVIN M. McDONALD, individually and in his official capacity as Probation Officer; DENNIS HEALEY, individually and in his official capacity as Chief of Police for the Town of Ware, Massachusetts; RANDY TOPOR, individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts; LU-ANN J. ELDREDGE, individually and in her official capacity as a Police Officer for the Town of Ware, Massachusetts; JAMES AYOTTE, individually and in his official capacity as a Police Officer for the Town of Hardwick, Massachusetts; KIMBERLY S. MOULTON, individually; JOHN F. GALLAGHER; ROBERT SANDERSON, individually; REGINA SANDERSON, individually; RICHARD PRIMAVERA, individually,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MOTION OF DEFENDANTS, DENNIS HEALEY, RANDY TOPOR AND LU-ANN J. ELDREDGE, TO DISMISS PLAINTIFF'S COMPLAINT

The Defendants, Dennis Healey ("Healey"), Randy Topor ("Topor"), and Lu-Ann J. Eldredge ("Eldredge") (or, collectively, the "Defendants"), hereby move to dismiss Plaintiff's Complaint because it fails to conform to the concise pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. In the alternative, Plaintiff's Complaint should be dismissed because it fails to state a claim under which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

As grounds therefore, Defendants state as follows:

296732v1

## STATEMENT OF FACTS

The Plaintiff is Jeffrey A. Moulton ("Plaintiff"), pro se, of 33 Sorel Road, Ware, Massachusetts. (Exhibit A, Plaintiff's Complaint, at p.62).

Healey is the Chief of Police for the Town of Ware. Topor and Eldredge are both police officers for the Ware Police Department. (Exhibit A, Plaintiff's Complaint at p.1).

Plaintiff's Complaint is essentially undecipherable, although it appears to involve a custody dispute involving Plaintiff's children. (Exhibit A at ¶5). Plaintiff's Complaint also appears to allege civil rights violations and constitutional claims. (Exhibit A at ¶¶1, 8).

Other than in the case caption, however, nowhere in the Complaint are Defendants Healey, Topor or Eldredge identified or even mentioned. Plaintiff has not offered any facts relating to any alleged conduct by Healey, Topor, or Eldredge. Defendants have absolutely no knowledge as to the basis for Plaintiff's Complaint, nor why they have been named as Defendants in this civil action. (See Exhibit A).

## LEGAL ARGUMENT

### I. This Court Should Dismiss All Claims Against the Defendants Because Plaintiff Has Failed to Conform to the Concise Pleading Requirements of F.R.C.P. 8(a).

This Court should dismiss Plaintiff's claims against the Defendants in this matter because Plaintiff has failed to comply with the concise pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905, 908 (1st Cir. 1993); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991). For example, in Kuehl, the United States Court of Appeals for the First Circuit affirmed the district court's dismissal of the plaintiffs' 43-page, 358-paragraph complaint because the plaintiffs failed to conform to the concise pleading requirements of

2

296732v1

Rule 8(a). 8 F.3d at 909 (dismissal of entire complaint was not too severe a penalty and was within wide boundaries of court's discretion).

In this instance, Plaintiff's Complaint clearly does not conform to the concise pleading requirements of Rule 8(a). The Complaint is 62 pages long and names 13 defendants. The Complaint also contains multiple counts and 148 numbered paragraphs. In addition, the Complaint does not even identify Defendants Healey, Topor or Eldredge (other than in the case caption), nor does it contain any facts whatsoever relating to these individuals. Because Plaintiff's Complaint does not comply with Rule 8(a)'s "short and plain statement" requirement, the Court may dismiss the Complaint in its discretion. Therefore, the Defendants respectfully request that this Court dismiss all counts in the Complaint against them for Plaintiff's failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure.

## II. This Court Should Dismiss Plaintiff's Complaint Because It Fails to State a Claim For Relief Under F.R.C.P. 12(b)(6).

In the alternative, Plaintiff's Complaint should be dismissed because it fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"In evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take as true all well-pleaded facts and draw all reasonable inferences favorable to the complainant." Curley v. North American Man Boy Love Ass'n, 2001 U.S. Dist. LEXIS 18305, *2 (D. Mass. 2001). A court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at *3; see also Viera-Marcano v. Ramirez-Sanchez, 2002 U.S. Dist. LEXIS 19732, *9 (D.P.R. 2002).

Here, dismissal under Rule 12(b)(6) is appropriate because Plaintiff's Complaint is devoid of any allegations against the Defendants. Plaintiff includes the three individual Defendants in his case caption, but then fails to identify the individuals, or provide any basis for relief against them,

3

296732v1

in his Complaint. Moreover, the text of Plaintiff's nearly-unintelligible Complaint appears to relate to a custody dispute involving Plaintiff's children. The convoluted facts in the Complaint only reference this custody battle, and Defendants cannot even speculate as to why Plaintiff named them in this matter. Although "a motion to dismiss for failure to state a claim should be granted only where it is clear that there is no set of facts that is consistent with the allegations that could support liability on any of the theories advanced by the [plaintiff]," this is undoubtedly one of the rare situations in which dismissal is appropriate. See Curley, 2001 U.S. Dist. LEXIS 18305 at **7-8. Defendants, therefore, respectfully request that this Court dismiss Plaintiff's Complaint for its failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

In summary, because Plaintiff's Complaint fails to comply with the concise pleading requirements of Rule 8(a), and also fails to state a claim for relief under Rule 12(b)(6), Defendants respectfully request that this Court dismiss Plaintiff's Complaint.

MORRISON MAHONEY LLP

_____
Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by (mail) (by hand) on 7/18/05

296732v1

4