UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-30110-MAP

| | |
|---|---|
| JEFFREY A. MOULTON,<br>　　Plaintiff<br><br>vs.<br><br>GAIL L. PERLMAN, individually and in her official capacity as First Justice of the Hampshire County Probate and Family Court of Massachusetts; DAVID E. SULLIVAN, individually and in his official capacity as Hampshire County Register of Probate of Massachusetts; WILLIAM M. O'RIORDAN, individually and in his official capacity as Chief Probation Officer of the Hampshire Probate and Family Court of Massachusetts; KEVIN M. MCDONALD, individually and in his official capacity as Probation Officer; DENNIS HEALEY, individually and in his official capacity as Chief of Police for the Town of Ware, Massachusetts; RANDY TOPOR, individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts; LU-ANN J. ELDREDGE, individually and in her official capacity as Police Officer for the Town of Ware, Massachusetts; JAMES AYOTTE, individually and in his official capacity as a Police Officer for the Town of Hardwick, Massachusetts; KIMBERLY S. MOULTON, individually; JOHN F. GALLAGHER, ROBERT SANDERSON, individually; REGINA SANDERSON, individually; RICHARD PRIMAVERA, individually,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, JAMES AYOTTE'S, MOTION TO DISMISS

NOW COMES the defendant, James Ayotte, and moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the action pending against him. As grounds therefor and in support thereof, the defendant states that the plaintiff has failed to identify any cognizable cause of action and/or set forth any fact which in any way relate to said defendant. As further grounds and in

405775

further support, the defendant attaches hereto and incorporates by reference his Memorandum in Support of the instant motion.

THE DEFENDANT
JAMES AYOTTE


By  */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 29th day of July, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Carole Sakowski Lynch, Esq., of Morrison Mahoney, LLP, 1500 Main Street, Suite 2400, Springfield, MA 01115; Regina Sanderson, *Pro Se*, of 264 Upper Church, Gilbertsville, MA 01031; Robert Sanderson, *Pro Se*, of 264 Upper Church, Gilbertsville, MA 01041; Jeffrey A. Moulton, *Pro Se*, 33 Sorel Road, Ware, MA 01082; Gail L. Perlman, First Justice Hampshire County Probate Court, David E. Sullivan, Hampshire County Register of Probate; William M. O'Riordan, Hampshire County Chief Probation Officer; Kevin M. McDonald, Probation Officer; of Probate and Family Court Department, Hampshire Division, 33 King Street, Suite 3, Northampton, MA 01060.

Subscribed under the penalties of perjury.

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq.

405775

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-30110-MAP

| | |
|---|---|
| JEFFREY A. MOULTON, <br>     Plaintiff <br><br> vs. <br><br> GAIL L. PERLMAN, individually and in her official capacity as First Justice of the Hampshire County Probate and Family Court of Massachusetts; DAVID E. SULLIVAN, individually and in his official capacity as Hampshire County Register of Probate of Massachusetts; WILLIAM M. O'RIORDAN, individually and in his official capacity as Chief Probation Officer of the Hampshire Probate and Family Court of Massachusetts; KEVIN M. MCDONALD, individually and in his official capacity as Probation Officer; DENNIS HEALEY, individually and in his official capacity as Chief of Police for the Town of Ware, Massachusetts; RANDY TOPOR, individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts; LU-ANN J. ELDREDGE, individually and in her official capacity as Police Officer for the Town of Ware, Massachusetts; JAMES AYOTTE, individually and in his official capacity as a Police Officer for the Town of Hardwick, Massachusetts; KIMBERLY S. MOULTON, individually; JOHN F. GALLAGHER, ROBERT SANDERSON, individually; REGINA SANDERSON, individually; RICHARD PRIMAVERA, individually, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT, JAMES AYOTTE'S, MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS**

**STATEMENT OF FACTS**

    Solely for the purposes of the instant motion, the defendant, James Ayotte, accepts as true the facts as distinct from conclusory allegations as alleged in the Plaintiff's complaint as true.

404792

## **ARGUMENT**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff.  See *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993).  A court, however, need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets."  See *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir. 1987).  Dismissal under Rule 12 (b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery.  See *Cooperman v. Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999).

It is beyond dispute that 42 U.S.C. § 1983 does not, in and of itself, create substantive rights.  Rather, it simply provides a vehicle by which claims may be brought for alleged violations of rights secured by the United States Constitution.  To proceed with a claim under 42 U.S.C. § 1983, a plaintiff must first establish that a defendant is acting under color of state law.  The plaintiff must next prove that the alleged wrongful conduct resulted in a deprivation of rights secured by the United States Constitution or federal law.  Most important in this regard, mere violations of state law do <u>not</u> create constitutional claims.  See generally, *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir. 1982).

To pursue a claim under 42 U.S.C. § 1983, a claimant must have standing.  This principal derives from Article III of the United States Constitution which mandates that the actual or threatened injury alleged be "fairly traceable" to the defendant's conduct and be likely to be redressed by a grant of judicial relief.  See e.g., *Allen v. Wright,* 104 S. Ct. 3315, 3324 (1984).  In the instant case, the only location at which the defendant, James Ayotte, appears in the 62 page, 145 paragraph complaint is in the caption and on p. 6 where he is identified as a party.  Under these circumstances, it simply cannot be found that there is any actual or threatened injury

404792

alleged to be "fairly traceable" to any conduct of the defendant, James Ayotte. In fact, there is no conduct of the defendant, James Ayotte, referenced at all in the complaint. As such, the defendant submits that the plaintiff fails to satisfy the requirements of Article III of the United States Constitution mandating dismissal of the above-captioned matter as against him.

Nor has a case "in controversy" as mandated by Article III been articulated against the defendant, James Ayotte, again mandating dismissal.

## CONCLUSION

WHEREFORE, based upon all of the foregoing, the defendant, James Ayotte, respectfully moves that this Court dismiss the complaint filed against him for failure to state a cause of action and that the defendant be awarded fees and costs for the filing of this action which is entirely frivolous.

> THE DEFENDANT
> JAMES AYOTTE
>
> By     */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 29th day of July, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Carole Sakowski Lynch, Esq., of Morrison Mahoney, LLP, 1500 Main Street, Suite 2400, Springfield, MA 01115; Regina Sanderson, *Pro Se*, of 264 Upper Church, Gilbertsville, MA 01031; Robert Sanderson, *Pro Se*, of 264 Upper Church, Gilbertsville, MA 01041; Jeffrey A. Moulton, *Pro Se*, 33 Sorel Road, Ware, MA 01082; Gail L. Perlman, First Justice Hampshire County Probate Court, David E. Sullivan, Hampshire County Register of Probate; William M. O'Riordan, Hampshire County Chief Probation Officer; Kevin M. McDonald, Probation Officer; of Probate and Family Court Department, Hampshire Division, 33 King Street, Suite 3, Northampton, MA 01060.

404792

Subscribed under the penalties of perjury.

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq.

404792