# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
## Western Division

**Civil Action No.: 05-30110-MAP**

**JEFFREY A. MOULTON,**
　　**Plaintiff,**

　　**v.**

**GAIL L. PERLMAN, Individually and in her official capacity as First Justice of the Hampshire County Probate and Family Court of Massachusetts,**
**DAVID E. SULLIVAN, Individually and in his official capacity as Hampshire County Register of Probate of Massachusetts,**
**WILLIAM M. O'RIORDAN, Individually and in his official capacity as Chief Probation Officer of the Hampshire Probate and Family Court of Massachusetts,**
**KEVIN M. MCDONALD, Individually and in his official capacity as Probation Officer,**
**DENNIS HEALEY, Individually and in his official capacity as Chief of Police for the Town of Ware, Massachusetts,**
**RANDY TOPOR, Individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts,**
**LU-ANN J. ELDREDGE, Individually and in her official capacity as a Police Officer for the Town of Ware, Massachusetts,**
**JAMES AYOTTE, Individually and in his official capacity as a Police Officer for the Town of Ware, Massachusetts,**
**KIMPERLY S. MOULTON,**
**JOHN F. GALLAGHER,**
**ROBERT SANDERSON,**
**REGINA SANDERSON, AND**
**RICHARD PRIMAVERA,**
　　**Defendants.**

## DEFENDANT GAIL L. PERLMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This Plaintiff, Jeffrey A. Moulton ("Plaintiff"), has filed an internet-generated civil rights

Complaint on behalf of a purported class against Honorable Gail L. Perlman ("Justice Perlman"),

alleging a plethora of violations of law that supposedly act to the detriment of non-custodial parents. See http://www.indianacrc.org. *Pro se* plaintiffs throughout the country have apparently filed essentially the same complaint in 46 states, attacking the domestic relations and child custody laws of each state.[1] *Id.* The Complaint seeks one million dollars in damages and requests orders requiring equal custody for persons adjudicated as non-custodial parents, as well as the abolition of child support payments. Complaint, ¶¶ 130, 133, 136, 137, 140.

In reality, the Plaintiff merely downloaded and printed this obscurely written, pre-packaged Complaint that was posted on a website entitled "Indiana Civil Rights Council." The site seeks to recruit plaintiffs for filing identical complaints in federal court and also contains other pre-packaged pleadings, such as a Response to Defendants' Motion to Dismiss. *Id.*

The Complaint should be dismissed in its entirety with prejudice based on several, independently sufficient grounds. Specifically, the Complaint should be dismissed because: (1) the Plaintiff has failed to effectuate service of process on the Defendant; (2) the Complaint fails to contain a short and plain statement of the facts and claims, and it alleges only conclusory violations of law, and, therefore, it should be dismissed due to the Plaintiff's failure to properly plead the action; (3) the Plaintiff's Complaint fails to set forth any allegations against Justice Perlman, and therefore, the Plaintiff has failed to set forth a claim upon which relief should be

---

[1]    Attached to Justice Perlman's *Motion to Dismiss* as Exhibits 1-11 are copies of the unpublished judicial decisions that have been rendered on similar dispositive motions in several other states in which similar complaints have been filed. The Court may properly consider these documents because this Motion to Dismiss is based in part upon Fed. R. Civ. P. 12(b)(1) and 12(b)(5). *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (noting that extra-pleading documents and orders may be considered in a court's determination of motions to dismiss based on grounds *other than* Rule 12(b)(6)). Such documents may also be considered with respect to that portion of this Motion based upon Fed. R. Civ. P. 12(b)(6) because the documents are official public records, the authenticity of which is not expected to be disputed. *Alternative Energy Inc. v. St Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

granted; (4) the Plaintiff lacks standing to bring this action both on his own behalf, as well as on

behalf of others because he has failed to allege that he has suffered an "injury in fact" and that any

of the alleged Constitutional and statutory violations personally involve him; (5) to the extent that

the Plaintiff's Complaint is found to have asserted allegations against Justice Perlman, the

Complaint should still be dismissed because Justice Perlman is absolutely immune from suit under

the doctrine of judicial immunity; (6) since the Plaintiff's Complaint essentially seeks review of

Massachusetts state courts' child custody determinations, the action is barred by the *Rooker-

Feldman* doctrine, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983);

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); and (7) under the domestic relations

exception to federal jurisdiction, an action that requires the federal court to consider issues of

custody, child support payments, or "whether a previous court's determination on these matters

should be modified" should be dismissed for lack of subject matter jurisdiction, *Rykers v. Alford*,

832 F.2d 895, 900 (5th Cir. 1987); *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992).

## **FACTUAL BACKGROUND**[2]

Justice Perlman is the First Justice of the Hampshire County Probate and Family Court

(the "Probate Court"). Complaint, pp. 6. According to the Complaint, Justice Perlman and the

Co-Defendants are responsible for Massachusetts Probate Court laws which allegedly cause

systematic discrimination against "non-custodial" parents who, by being forced to pay child

support, are allegedly being denied rights that are allegedly guaranteed by the United States

Constitution. Complaint, ¶ 101. The Complaint makes no specific allegation against Justice

---

[2]     Justice Perlman makes no admissions with respect to the allegations contained in the
Complaint. For purposes of this Motion to Dismiss only, however, the Court should accept the
allegations as true. *Berner v. Delahanty*, 129 F.3d 20, 23 (1st Cir. 1997).

Perlman's conduct, but instead contains conclusory generalizations of alleged civil rights violations arising from Probate Court proceedings and orders pertaining to child support and child custody.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.

Most importantly, the Plaintiff's Complaint does *not* include any allegations of specific wrongful conduct by Justice Perlman, nor does he allege any wrongful conduct that occurred *outside* of Probate Court proceedings or orders.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.

The Complaint includes causes of action for: (1) "gross negligence and reckless disregard for duties owed in custody proceedings;" (2)  "refusals to enforce the law as it is written and support lawful parenting time;" (3) "conspiracy to enforce unlawful child custody orders;" (4) "defrauding in regards to child support;" (5) "disparate taxation;" and (6) "willful, reckless, and negligent government mismanagement."  Complaint, pp. 27, 33, 37, 40, 47, 50.  Finally, the Plaintiff has failed to complete service of process of the Complaint on Justice Perlman.

## STANDARD OF REVIEW

"A *pro se* litigant is bound by the same rules of procedure as litigants with counsel." *International Fidelity Ins. Co. v. Wilson*, 387 Mass. 841, 847 (1983); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985) (citing *Faretta v. California*, 422 U.S. 806, 834-35 (1975) (finding p*ro se* litigant, like all other parties, must comply with the Federal Rules of Appellate Procedure), *cert. denied*, 476 U.S. 1172 (1986); *Eagle Eye Fishing Corp. v. United States Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (affirming denial of judicial review of an issue to which *pro se* appellant did not properly raise objection); *Belber v. Lipson*, 905 F.2d 549, 552-53 (1st Cir. 1990) (same); *Lefebvre v. Commissioner of Internal Revenue*, 830 F.2d 417,

419 (1st Cir. 1987) (finding *pro se* plaintiff must comply with procedural and substantive law). *See also, Mains v. Commonwealth*, 433 Mass. 30, 36 (2000) (declining *pro se* plaintiff relief from his own waiver of appeal because *pro se* plaintiff failed to comply with rules of procedure); *Devon Servs. v. Wellman*, 432 Mass. 1013, 1013 (2000) (denying *pro se* plaintiffs' petition for appellate relief because *pro se* plaintiff failed to follow rules of procedure, and is held to the same substantive and procedural requirements as represented parties); *McGowan v. Director of Div. of Employment Sec.*, 388 Mass. 1003, 1004 (1983) (affirming dismissal of *pro se* plaintiff's appeal for *pro se* plaintiff's failure to comply with Dist. Mun. Cts. R. Civ. 140).

Dismissal for failure to state a claim is required if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The standards for reviewing motions under Rule 12(b)(1) and 12(h)(3), similar to those under Rule 12(b)(6), require the Court to "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996) (citations omitted). When considering a motion to dismiss against a *pro se* plaintiff, the court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Id.*

While a *pro se* plaintiff's pleadings receive a relaxed standard, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this leniency neither requires the Court to "conjure up unpled allegations" in a *pro se* complaint, *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979), nor relieves the *pro se* plaintiff of his obligation to prove a jurisdictional basis for his lawsuit by mustering more than "unsupported conclusions or interpretations of law." *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993). Dismissal remains appropriate, even where the

plaintiff is *pro* se, "when the court lacks jurisdiction over the claims or the parties and when the

complaint fails to even suggest an actionable claim."  *Overton v. Torruella,* 183 F. Supp. 2d 295,

303 (D. Mass 2001) (citations omitted) (dismissing *pro se* plaintiff's complaint on motion to

dismiss when plaintiff did not have standing to bring claims, plaintiff did not state a claim upon

which relief could be granted, and defendants were entitled to judicial immunity); *Gibbs v. SLM

Corp.*, 336 F. Supp. 2d 1, 5 (D. Mass. 2004) (recommending dismissal *pro se* plaintiff's

complaint for failure to state a claim upon which could be granted because complaint did not set

forth legally viable claims).

Even under the most lenient standard, the Plaintiff in his case has failed to set forth a

legally cognizable claim, as discussed below, and the Complaint should be dismissed in its

entirety with prejudice.

## <u>ARGUMENT</u>

**I.    This Complaint Should Be Dismissed Because The Plaintiff Has Failed To
Effectuate Service Of Process Of The Complaint And A Summons On The
Defendant, Justice Perlman.**

On May 11, 2005, a copy of the Complaint in this matter was sent by United States Postal

Service to the Probate and Family Court Department's Administrative Office without a

Summons.  Honorable Gail L. Perlman is First Justice of the Probate and Family Court in

Hampden County in Springfield, Massachusetts, and this case against Justice Perlman arises

from her service in such capacity.  Justice Perlman, however has never been personally served

with a summons and copy of this Complaint, and she has not waived or accepted service of

process thereto.

Personal Service in the Commonwealth requires that the summons and a copy of the

complaint be served together: "(1) Upon an individual by delivering a copy of the summons and

the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process . . ." Fed. R. Civ. P. 4(d)(1). Failure to perfect process entitles a defendant to assert the defense of insufficiency of service of process in a motion for dismissal. Fed. R. Civ. P. 12(b)(5).

"Plaintiff [has] the burden of showing that proper service has been effected." *Bolivar v. Director of the FBI*, 846 F. Supp. 163, 166 (D. Puerto Rico 1994) (citing *Saez Rivera v. Nissan Manufacturing Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1996) . Since Justice Perlman was not personally served with the Complaint and a Summons, the Complaint and a Summons were not left at her last and usual place of abode, the Complaint and a Summons were not delivered by an agent authorized by appointment or statute to receive service of process, and Plaintiff has not shown that Justice Perlman waived service of process, there is insufficient service of process. Finally, the 120 day deadline under Local Rule 4.1(A) for a plaintiff's service of process has passed on September 11, 2005. "Consequently the court lacks jurisdiction over [Justice Perlman]. The claim against [her] should be dismissed." *Id* .(dismissing complaint because plaintiffs did not effectuate service of process on defendants).

**II.    The Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 8(e)(1) Because It Fails To Contain A Short And Plain Statement Of The Facts And Claims, And Because Its Allegations Are So Vague And Ambiguous That Justice Perlman Is Unable To Frame A Responsive Pleading.**

Even when viewed under the most lenient standard of review, the Plaintiff's Complaint fails to fulfill the most basic requirements of pleading. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim, and Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise and direct."

In addition, dismissal is warranted, if the Court deems just, under Rule 12(e) if the pleadings are so vague and ambiguous as to deprive the opponent of reasonable opportunity to "frame a responsive pleading."  More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  Further, a "district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Keuhl v. Federal Deposit Insurance Corp.*, 8 F.3d 905, 908 (1993) (citations omitted) (affirming dismissal for failure to comply with Rule 8(a)(2)); *accord Newman v. Massachusetts*, 113 F.R.D. 341 (D. Mass. 1987); *Green v. Massachusetts*, 108 F.R.D. 217 (D. Mass. 1985);  *Cranney v. Trustees of Boston Univ.*, 139 F. Supp. 130 (D. Mass. 1956).  A *pro se* complaint that fails to meet this requirement may also be appropriately dismissed.  *Dutkiewicz v. Urban Mass Transportation Admin.*, 88 F.R.D. 85 (D. Mass. 1980) (dismissing *pro se* complaint because did not serve as a short and plain statement); *Overton*, 183 F. Supp. 2d at 305-07.

Here, the Plaintiff's internet-generated form Complaint does not set forth any facts that in a short and plain way.  The allegations contained in the sixty-two (62) page Complaint are indirect, convoluted and amorphous.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.  The Complaint fails to identify plain and essential facts required of a complaint, such as any specific wrongful conduct, how the Plaintiff's rights were violated, and the specific harms suffered by the Plaintiff.  *Id.*  The Complaint merely states bare assertions of legal conclusions, citing numerous Amendments to the U.S. Constitution, as well as several provisions of the United States Code.  *Id.*

Moreover, in violation of Fed. R. Civ. P. 12(e), the Complaint fails to state any wrongful conduct specifically attributable to Justice Perlman. *Id.* Based on the information contained in the Complaint, it is impossible for Justice Perlman to determine what action or inaction she allegedly wrongfully performed, and whether to admit or to deny the allegations in the Complaint. In this situation, the Complaint clearly fails to fulfill the most basic requirements of Rules 8 and 12, and dismissal is certainly warranted.

### III.    Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) Because The Plaintiff Has Failed To Set Forth A Claim Against Justice Perlman.

Each of the six counts of the Complaint fails to state a claim upon which relief can be granted. Although a court should liberally construe a complaint filed by a *pro se* litigant, *see Haines, 404 U.S. at 520*, a *pro se* litigant must still allege facts that establish all the elements of his claim. *Chongris v. Board of Appeals of the Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (disregarding those "facts" in plaintiff's complaint that rely on "bald assertions, unsupportable conclusions, and opprobrious epithets"). Here, not only does the Plaintiff assert "claims" that do not constitute legal theories of recovery, such as "refusals to enforce the law as it is written and support lawful parenting time," "disparate taxation," and "willful, reckless, and negligent government mismanagement," but also, the Plaintiff's Complaint consists almost entirely of bald accusations and conclusory statements of law, unaccompanied by specific facts demonstrating a violation of legal rights. Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.

Most significantly, however, in the Plaintiff's sixty-two (62) page Complaint, there is *not one* allegation pertaining to or even mentioning Justice Perlman by name, except to identify her as a party, nor is there any allegation of wrongful conduct that she may have performed, nor is there an allegation as to how her alleged conduct caused his harm. *Id.*

As in *Overton*, where the *pro se* complaint was dismissed for failure to set forth the elements of the plaintiff's causes of action, the Plaintiff in this case has failed to set forth any allegations referencing Justice Perlman in order to establish his causes of action. *Overton*, 183 F. Supp. 2d at 307. Even construed under the most liberal, lenient standards, the Complaint never even mentions Justice Perlman, except to identify her as a party. Accordingly, the Plaintiff's Complaint must be dismissed as a matter of law for its failure to state a claim upon which relief may be granted.

**IV. The Complaint Should Be Dismissed Because The Plaintiff Lacks Standing To Bring This Action Because He Has Failed To Allege That He Has Suffered An "Injury In Fact" Or That Any Of The Alleged Constitutional And Statutory Violations Personally Involve Him.**

The Plaintiff cannot assert this action on his own behalf or on behalf of others. Standing is an essential Article III element of subject matter jurisdiction. *Allen v. Wright*, 468 U.S. 737, 750 (1984); *see, e.g., McInnis-Misenor v. Main Medical Center*, 319 F.3d 63, 67-68 (1st Cir. 2003). "Standing is thus a threshold question in every case, requiring the court to determine 'whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [] invocation of federal-court jurisdiction." *McInnis-Misenor*, 319 F.3d at 67 (internal quotations omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975); *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

"A litigant bears the burden of showing that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant …" *McInnis-Misenor*, 319 F.3d at 67 (internal quotations omitted) (quoting *Valley Forge Christian College v. Americans for Separation of Church & State*, 454 U.S. 464, 472 (1982)). The "injury in fact" requirement means that "the plaintiffs must have suffered an injury that is (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical." *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). "[T]he suit must present more than abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches." *McInnis-Misenor*, 319 F.3d at 68 (internal quotations and citations omitted). "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge*, 454 U.S. at 486. The requirement that a plaintiff show an injury in fact is necessary to "prevent[] the judicial process from becoming no more than a vehicle for the vindication of the value interest of concerned bystanders." *United States v. SCRAP*, 412 U.S. 669, 687 (1973).

The Plaintiff has not met the standing requirements. He fails to establish how any of the alleged Constitutional or statutory violations personally involve him. While the Plaintiff asserts simply that he is the parent of a minor child who is the subject of a custody order, and that he has a "federal dispute and controversy with The parties," (Complaint, pp. 7 and ¶¶ 12, 13), he makes only broad, conclusory proclamations of law regarding his injury. *Id.* at ¶¶ 19, 21, 24, 25. For example, in the Plaintiff's allegations of fact, he asserts that he has suffered " deprivation of his property, … disparate taxation in general, … and grossly negligent mismanagement of the common good by the Commonwealth of Massachusetts." Complaint, ¶ 19. These allegations are insufficient to show the Plaintiff's standing because they are vague and do not allege facts showing that he personally has suffered a concrete and particularized injury from any of the alleged constitutional deprivations that form the basis of his claims.

Nor has the Plaintiff presented any "concrete and particularized" allegations of "injury in fact" by simply alleging that he is a non-custodial parent. Complaint, ¶ 13. At best, his allegations show an academic interest of disagreement with state family courts. Complaint, ¶¶

116-24.  The Plaintiff theorizes that the concept of joint legal custody and the elimination of

child support payments are a "cure-all" for the nation's problems.  Complaint, ¶¶ 130, 133.

Therefore, the Plaintiff has insufficiently pled Article III standing.

> As the Court has stated before, a plaintiff's conclusory claims of harm, deprivation and

loss are impermissible abstract and non-particularized:

> [S]tanding to sue may not be predicated upon an interest of the kind alleged here
> which is held in common by all members of the public, because of the necessarily
> abstract nature of the injury all citizens share.  Concrete injury, whether actual or
> threatened, is that indispensable element of a dispute which serves in part to cast
> it in a form traditionally capable of judicial resolution.

*Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 220-21 (1974) (holding that

citizens lacked standing to challenge, under "Incompatibility Clause" of U.S. Const. Art. I., § 6,

cl. 2, military reserve status of Members of Congress); *see Allen*, 468 U.S. at 754 ("[t]his Court

has repeatedly held that an asserted right to have the Government act in accordance with law is

not sufficient, standing alone, to confer jurisdiction on a federal court"); *United States v. AVX

Corp.*, 962 F.2d 108, 113-16 (1st Cir. 1992) (reviewing grant of Rule 12(b)(6) motion and finding

that plaintiff's burden to establish standing must be accomplished by clearly setting forth

"reasonably definite factual allegations" which cannot be "inferred argumentatively from

averments in the pleadings") (internal quotations and citations omitted).

> In this case, the Plaintiff's alleged harm, such as "disparate taxation in general" and

"deprivation of life, liberty and property" fall squarely into this category of vague conclusions of

loss, and, therefore, are insufficient to establish standing to bring his claims.  Moreover, these

claims of "harm" constitute pure assertions of law, not allegations of fact, as the cases require.

*See e.g., Lujan*, 504 U.S. at 560; *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).  Finally, the

assertions are either (1) state-law matters already conclusively decided to the contrary; or (2) demonstrably wrong.

Because the Plaintiff lacks standing to bring his own claims, he also lacks standing to assert the alleged rights of any non-custodial parents. When the court lacks subject matter jurisdiction over the claims of the named plaintiff, the plaintiff may not "seek relief on behalf of himself or any member of the [purported] class." *O'Shay v. Littleton*, 414 U.S. 488, 494 (1974). Even when a plaintiff alleges an injury sufficient to meet the case or controversy requirement, "the plaintiff must generally assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499; *Singleton v. Wuff*, 428 U.S. 106, 113-14 (1976); *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 17 (2004).

Given the absence of standing, the Plaintiff's Complaint should be dismissed in its entirety with prejudice.

**V.    The Plaintiffs' Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted, Fed. Rule Civ. P. 12(b)(6), Because Absolute Judicial Immunity Bars This Action.**

To the extent that the Complaint is found to have set forth allegations against Justice Perlman, however, the Complaint still fails to set forth a viable claim because all of the Plaintiff's complaints are comprised activities undertaken in the course of Probate Court proceedings and orders. Under long recognized Massachusetts law, however, judges are absolutely immune from civil liability for any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). The purpose of judicial immunity is to preserve the integrity of the legal process by allowing judges to act upon their own convictions without fear of personal consequences. *Namey v. Reilly*, 926 F. Supp. 5, 8 (D. Mass. 1996)

(Tauro, J., granting motion to dismiss claims against officials protected by absolute quasi-judicial immunity).  Particularly pertinent here, immunity also serves to protect judges from "vexatious actions prosecuted by disgruntled litigants."  *Id.*, at 8 (*quoting Forrester v. White*, 484 U.S. 219, 225 (1988)).

In order to serve its purpose, the doctrine must be far reaching.  It provides not a defense, but immunity, and thus the protection it provides is not just from liability, but from suit itself.  Judicial immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.  *Mireles*, 502 U.S. at 11-13 ("judicial immunity provides immunity from suit, not just from the ultimate assessment of damages"); *Cok*, 876 F.2d at 2.  Such sweeping immunity is required not to protect judges who engage in malicious acts, but to protect all judges from the years of vexatious litigation that would result, if disgruntled litigants could create factual issues by artful pleadings.  Mireless, 502 U.S. at 12-13 (finding the necessary inquiry to be the nature and function of the alleged conduct in relation to the judge's general function) (citations omitted); *Forrester*, 484 U.S. at 225; *Namey*, 926 F. Supp. at 8.  It is only by prompt, summary disposition of such claims that judicial immunity can serve its purpose.

According to the Plaintiff's own Complaint, the Plaintiff's causes of action arise *solely* from alleged Probate Court proceedings and orders.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69,  75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.  Not one allegation of wrongful conduct is alleged to have occurred outside of the Probate Court system or a Probate Court judicial act.  *Id.*  Even if the alleged act by Justice Perlman was allegedly erroneous, improper, or done maliciously, because it was allegedly performed in the nature of and as a function of Justice Perlman's judicial role, Justice Perlman is entitled to absolute judicial immunity.  *Mireles*, 502

U.S. 13. Thus, to the extent that the Plaintiff has set forth any cause of action against Justice Perlman at all, it is clear from the Complaint that Justice Perlman's conduct was undertaken purely in her adjudicatory role when presiding over Probate Court, which, the Plaintiff alleges, violates his civil rights. *Id.*

Consequently, the doctrine of judicial immunity is directly applicable to Justice Perlman's alleged conduct and is operative in dismissing any and all causes of action against Justice Perlman that may be construed from the Complaint. *See In re The Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 22-23 (1st Cir. 1982); *Rago v. Samaroo*, 344 F. Supp. 2d 309, 312-13 (D. Mass. 2004) (J., Ponsor) (dismissing *pro se* complaint against Hampden County Probate Court judge where plaintiff brought alleged constitutional rights violations action, arising from allegedly improper probate court orders, because of the protection provided by the doctrine of absolute judicial immunity). Accordingly, Plaintiff's Complaint should be dismissed with prejudice as a matter of law.

**VI.    Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(h)(3) For Lack Of Subject-Matter Jurisdiction Under The *Rooker-Feldman* Doctrine.**

To the extent that the Plaitniff seeks to have this Court review, on the merits, any of the decisions of the Probate and Family Court, this Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine is derived from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine bars this Court from reviewing state-court judgments.

It is well settled under the doctrine established in *Rooker v. Fidelity Trust Co.*, 263 U.S. at 416 and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 476, 482, 486, that the

"lower federal courts possess no power whatever to sit in direct review of state court decisions."

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296

(1970). The federal district courts lack such jurisdiction "even if those challenges allege that the

state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *accord Shepherdson v.

Nigro*, 5 F. Supp. 2d 305, 308 (E.D. Pa. 1998) (to establish injury, plaintiff would have to show

that the violation of an independent due process right caused an erroneous adverse decision to be

made and this is precluded by the *Rooker-Feldman* doctrine); *McInerney v. Garcia*, 1998 WL

283574, *5 (N.D. Cal. 1998) ("[p]laintiff's attempt to recharacterize actions by the defense

counsel and the judge in [the state superior court case] as an 'extra-judicial' 'conspiracy' does

not change the fact that the present case amounts to a federal appeal of a state judgment," which

is barred under *Rooker*).

The Court of Appeals for the First Circuit has applied the *Rooker-Feldman* doctrine on

numerous occasions. *See, e.g., Henry v. Connolly*, 910 F.2d 1000, 1002 (1st Cir. 1990);

*Lancellotti v. Fay*, 909 F.2d 15, 17 (1st Cir. 1990); *Bricker v. Crane*, 468 F.2d 1228, 1231 (1st

Cir. 1972). In *Lancellotti*, the Court of Appeals for the First Circuit applied the *Rooker-Feldman*

to bar a request for relief from a state trial court's interlocutory order arising from unpaid

alimony orders. 909 F.2d at 16-17. Affirming dismissal of the action, the First Circuit noted that

the "federal district court is without authority to review final determinations of [a state court] in

judicial proceedings." *Id.* (quoting *Feldman*, 460 U.S. at 476).

Here, the gravamen of the Plaintiff's Complaint is the propriety of various orders and

judgments issued by numerous Probate Court Judges and enforced by the Probate Court system.

For example, the Plaintiff contends that Justice Perlman, among all of the other judges in the

Probate Court, in carrying out her duties as Justice of the Probate Court has erred in issuing child

support and other custodial orders allegedly in violation of "non-custodial" parents' rights. Complaint, ¶¶ 53, 55, 92-98, 110. In other words, Plaintiff complains, in part, that Justice Perlman and other Probate Court Judges have ruled against him in the litigation before them. As a remedy for these alleged errors, Plaintiff asks, *inter alia*, that this Court issue a declaratory judgment declaring all orders and judgments issued by Justice Perlman and the rest of the Probate Court to be void. *Id.* at ¶ 128-148. The Plaintiffs' Complaint is no more than an attack on the merits of the Probate Court system's orders and judgments, and as such, even under the most lenient review of the Plaintiff's Complaint, it is clear that the *Rooker-Feldman* doctrine applies to and precludes the Plaintiff's claims. *See Johnson v. Florida*, 512 U.S. 997, 1005-06 (1994) (holding that *Rooker-Feldman* doctrine bars "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a U.S. district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

Because the Plaintiff's claims are, in essence, seeking a review or "revamping" of final alimony, child custody and support decisions rendered in the Probate Court, dismissal of this case under the *Rooker-Feldman* doctrine is wholly appropriate. *See Rago*, 344 F. Supp. 2d at 313-14 (dismissing plaintiff's claims of violation of his federal constitutional rights, arising from allegedly improper probate court orders, based on the application of the *Rooker-Feldman* doctrine).

**VII.    The Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Due to the Application of the Domestic Relations Exception To Federal Jurisdiction.**

To the extent that the Plaintiff brings any state or domestic law claims in his Complaint, they are subject to dismissal pursuant to the domestic relations exception to federal subject matter jurisdiction. The United States Supreme Court has established an exception to federal

jurisdiction for actions that seek decrees related to issues of divorce, child custody, and child support. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *see also, Elk Grove Unified School District*, 542 U.S. at 18-19 ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations."). The domestic relations exception to federal court jurisdiction prevents the federal district courts from adjudicating domestic relations claims, which, as a matter of sound policy considerations, are better served by the state courts due to their access to local governmental organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. *Ankenbrandt*, 504 U.S. at 703-4. This principle has been long recognized at common law. *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Moreover, the domestic relations exception governs claims over child support and custody, such as those made by the Plaintiff, even where the claims are disguised as violations of his federal Constitutional rights. *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003); *Elk Grove Unified School District*, 542 U.S. at 18 ("it might be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child custody is not strictly at issue") (internal quotations and citation omitted).

According to the Complaint, all of the causes of action arise from Probate Court proceedings and orders, and the Plaintiff specifically asserts purported causes of action titled: "refusals to enforce the law as it is written and support lawful parenting time" and "conspiracy to enforce unlawful child custody orders." Complaint, pp. 33, 37, and ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26. Although the Plaintiff endeavors to veil many of his claims as involving Constitutional rights and taxation issues, the

Plaintiff's requests for relief reveal that his claims are truly a review Probate Court orders, including his requests for orders requiring the restoration of equal custodial status to all "fit" parents, prohibiting custodial relocation of minor children, requiring reimbursement of child support previously paid to the custodial parent, and ending all court-ordered child support. Complaint, ¶¶ 130, 133, 136, 137, 140.  All of these prayers for relief constitute child support, child custody issues and/or seek modification of the Probate Court's orders.  Under the domestic relations exception to the federal court's jurisdiction, when the action requires the federal court to consider issues of custody, child support payments or "whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Rykers*, 832 F.2d at 900; *Rago*, 344 F. Supp. 2d at 314 (dismissing plaintiff's purportedly "federal" claims arising from allegedly improper probate court orders, because of application of the domestic relations exception to federal jurisdiction).

Because the Plaintiff's claims fall squarely within the domestic relations exception, the Complaint should be dismissed with prejudice.  *See LaMontagne v. LaMontagne*, 394 F. Supp. 1159, 1160 (D. Mass. 1975) (granting defendant's motion to dismiss because dispute was "nothing more or nothing less than a domestic relations contest" "dressed in constitutional clothing").

## <u>CONCLUSION</u>

For the all of the above independently sufficient reasons, Justice Perlman  respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety with prejudice and award all other relief that this Court deems just and necessary.

Respectfully submitted,
DEFENDANT
GAIL L. PERLMAN,
By her attorneys,


/s/ Harvey Weiner

Dated:                                  Harvey Weiner, BBO #519840
                                        Marjunette deMagistris, BBO #648133
                                        Peabody & Arnold LLP
                                        30 Rowes Wharf
                                        Boston, MA  02110
                                        (617) 951-2100

                                            And


                                        /s/ Timothy M. Jones
                                        _____
                                        Timothy M. Jones, BBO# 618656
                                        Assistant Attorney General
                                        Western Division
                                        1350 Main Street, 4th Floor
                                        Springfield, MA 01103
                                        (413)784-1240

## CERTIFICATE OF SERVICE

I, Marjunette deMagistris, certify that on this 12th day of September, 2005, I served the within document by first-class mail, postage pre-paid to:

Carole Sadowski Lynch, Esq.
Morrison Mahoney LLP
Towersquare Building Suite 2400
1500 Main Street
PO Box 15387
Springfield, MA 01115-5387

Robert Sanderson, *Pro Se*
264 Upper Church
Gilbertsville, MA 01031

Jeffrey A. Moulton, *Pro Se*
33 Sorel Road
PO Box 994
Ware, MA 01082

Regina Sanderson, *Pro Se*
264 Upper Church
Gilbersville, MA 01031

Nancy Frankel Pelletier, Esq.
Robinson Donovan, PC
1500 Main Street, Suite 1600
Springfield, MA 01115

Richard Primavera, *Pro Se*
9 Crescent Terrace
Ware, MA 01082

 /s/ Marjunette de Magistris
Marjunette deMagistris

PABOS2:MDEMAGI:619388_1
14926-91247