UNITED STATES DISTRICT COURT
WESTERN DISTRICT

CIVIL ACTION NO. 05-30110-MAP

_____
                                                )
JEFFREY A. MOULTON,                             )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )
                                                )
GAIL L. PERLMAN, individually and in her official    )
capacity as First Justice of the Hampshire County    )
Probate and Family Court of Massachusetts; DAVID E.  )
SULLIVAN, individually and in his official capacity   )
as Hampshire County Register of Probate of           )
Massachusetts; WILLIAM M. O'RIORDAN,                 )
individually and in his official capacity as Chief Probation  )
Officer of the Hampshire Probate and Family Court    )
of Massachusetts; KEVIN M. MCDONALD, individually    )
and in his official capacity as probation Officer; DENNIS   )
HEALEY, individually and in his official capacity as  )
Chief of Police for the Town of Ware, Massachusetts;  )
RANDY TOPOR, individually and in his official capacity  )
as Police Officer for the Town of Ware, Massachusetts;  )
LU-ANN J. ELDREGE, individually and in her official   )
capacity as a Police Officer for the Town of Ware,    )
Massachusetts; JAMES AYOTTE, individually and in      )
his official capacity as a Police Officer for the Town of  )
Hardwick, Massachusetts; KIMBERLY S. MOULTON,         )
individually; JOHN F. GALLAGHER; ROBERT               )
SANDERSON, individually; REGINA SANDERSON,            )
individually; RICHARD PRIMAVERA, individually;        )
                                                )
            Defendants.                          )
_____)

**COMMONWEALTH DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS**

The Attorney General, on behalf of defendants David E. Sullivan, William M. O'Riordan,

and Kevin M. McDonald ("Commonwealth Defendants"), submits this memorandum in support of

its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

**INTRODUCTION**

Plaintiff, Jeffrey A. Moulton, has apparently filed an internet-generated civil rights complaint, alleging a plethora of violations of law that supposedly act to the detriment of him as a non-custodial parent. See http://www.indianacrc.org. *Pro se* plaintiffs throughout the country have filed essentially the same complaint in over 40 states, attacking the domestic relations and child custody laws of each state. Id. Indeed, a very similar complaint was previously filed in this Court. See Schebel v. Commonwealth of Massachusetts, CA 3:04-cv-30200, U.S.D.C., Western Division of Massachusetts. On June 23, 2005, this Court (Ponsor, J.) dismissed that complaint based on a motion to dismiss that is very similar to the instant motion. See id. at docket # 14. Several other courts around the country have similarly dismissed other form complaints. See id. at docket # 13 (submitting some decision from other courts around the country); Moulton v. Perlman, et al., Defendant Perlman's Memorandum in Support of Motion to Dismiss (docket # 11), Exhibits 1-11.[1] On August 22, 2005, this Court allowed motions to dismiss in this action with respect to defendants James Ayotte, Dennis Healey, Randy Topor, and Lu-Ann J. Eldredge, for the failure to satisfy Fed. R. Civ. P. 8(a) and 12(b)(6). See docket ## 5 and 7.

The complaint seeks a million dollars in damages "per plaintiff" and requests orders

---

[1]Attached to Justice Perlman's Memorandum in Support of Motion to Dismiss as Exhibits 1-11 are copies of the unpublished judicial decisions that have been rendered on similar dispositive motions in several other states in which similar complaints have been filed. The Court may properly consider these documents because this Motion to Dismiss is based in part upon Fed. R. Civ. P. 12(b)(1) and 12(b)(5). Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (noting that extra-pleading documents and orders may be considered in a court's determination of motions to dismiss based on grounds *other than* Rule 12(b)(6)). Such documents may also be considered with respect to that portion of this Motion based upon Fed. R. Civ. P. 12(b)(6) because the documents are official public records, the authenticity of which is not expected to be disputed. Alternative Energy Inc. v. St Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

requiring equal custody for persons adjudicated as non-custodial parents, the abolition of child

support payments, and other broad equitable relief that would fundamentally alter state child custody

and support laws.  Complaint, ¶¶ 128-148. [2]

The Commonwealth Defendants are David E. Sullivan, Hampshire Register of Probate,

William O'Riordan, Chief Probation Officer of Hampshire Probate and Family Court, and Kevin

McDonald, Hampshire Probate and Family Court Probation Officer.  See Complaint, pp. 6-7.

According to the Complaint, the Commonwealth Defendants are responsible for

Massachusetts Probate Court laws which allegedly cause systematic discrimination against "non-

custodial" parents who, by being forced to pay child support, are allegedly being denied rights that

are allegedly guaranteed by the United States Constitution.  Complaint, ¶ 101.  The Complaint

makes no specific allegation against the Commonwealth Defendants, but instead contains conclusory

generalizations of alleged civil rights violations arising from Probate Court proceedings and orders

pertaining to child support and child custody.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68,

69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.  Indeed, the Commonwealth Defendants are

only mentioned on pages 6-7 (where they are identified) and the caption.

Most importantly, the Plaintiff's Complaint does *not* include any allegations of specific

wrongful conduct by the Commonwealth Defendants, nor does he allege any wrongful conduct that

occurred *outside* of Probate Court proceedings or orders.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61,

66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.

---

[2]The Commonwealth of Massachusetts notes that plaintiff seeks class certification, appointment of counsel, and a referral to a three-judge panel. Because these matters are not presently before the Court, nor should they be because the Commonwealth's motion to dismiss will hopefully dispose of the entire action, defendant does not address these issues at this time. The Commonwealth has concurrently filed a motion to stay all proceedings.

The Complaint includes causes of action for: (1) "gross negligence and reckless disregard for duties owed in custody proceedings;" (2) "refusals to enforce the law as it is written and support lawful parenting time;" (3) "conspiracy to enforce unlawful child custody orders;" (4) "defrauding in regards to child support;" (5) "disparate taxation;" and (6) "willful, reckless, and negligent government mismanagement." Complaint, pp. 27, 33, 37, 40, 47, 50. Finally, the Plaintiff has failed to complete service of process of the Complaint on the Commonwealth Defendants.

The complaint should be dismissed in its entirety, with prejudice. There are several alternative reasons why the Court lacks jurisdiction over the subject matter of the complaint and Moulton has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6), including all of the following: (1) the Plaintiff has failed to effectuate service of process on the Commonwealth Defendants; (2) the Complaint fails to contain a short and plain statement of the facts and claims, and it alleges only conclusory violations of law, and, therefore, it should be dismissed due to the Plaintiff's failure to properly plead the action; (3) the Plaintiff's Complaint fails to set forth any allegations against the Commonwealth Defendants, and therefore, the Plaintiff has failed to set forth a claim upon which relief should be granted; (4) the Plaintiff lacks standing to bring this action both on his own behalf, as well as on behalf of others because he has failed to allege that he has suffered an "injury in fact" and that any of the alleged Constitutional and statutory violations personally involve him; (5) since the Plaintiff's Complaint essentially seeks review of Massachusetts state courts' child custody determinations, the action is barred by the Rooker-Feldman doctrine, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); and (6) under the domestic relations exception to federal jurisdiction, an action that requires the federal court to consider issues of

custody, child support payments, or "whether a previous court's determination on these matters should be modified" should be dismissed for lack of subject matter jurisdiction, <u>Rykers v. Alford</u>, 832 F.2d 895, 900 (5th Cir. 1987); <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 702-04 (1992).

<div align="center"><b>ARGUMENT</b></div>

**I.     This Complaint Should Be Dismissed Because The Plaintiff Has Failed To Effectuate Service Of Process Of The Complaint And A Summons On The Commonwealth Defendants**

The Complaint should be dismissed because the Commonwealth Defendants have never been personally served with a summons and copy of the Complaint, and they have not waived or accepted service of process thereto.

Personal Service in the Commonwealth requires that the summons and a copy of the complaint be served together: "(1) Upon an individual by delivering a copy of the summons and the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process . . ." Fed. R. Civ. P. 4(d)(1). Failure to perfect process entitles a defendant to assert the defense of insufficiency of service of process in a motion for dismissal. Fed. R. Civ. P. 12(b)(5).

"Plaintiff [has] the burden of showing that proper service has been effected." <u>Bolivar v. Director of the FBI</u>, 846 F. Supp. 163, 166 (D. Puerto Rico 1994) (citing <u>Saez Rivera v. Nissan Manufacturing Co.</u>, 788 F.2d 819, 821 n.2 (1st Cir. 1996) . Since the Commonwealth Defendants were not personally served with the Complaint and a Summons, the Complaint and a Summons were not left at her last and usual place of abode, the Complaint and a Summons were not delivered by an agent authorized by appointment or statute to receive service of process, and Plaintiff has not

<div align="center">5</div>

shown that the Commonwealth Defendants have waived service of process, there is insufficient service of process.  Finally, the 120 day deadline under Local Rule 4.1(A) for a plaintiff's service of process has passed on September 11, 2005.  "Consequently the court lacks jurisdiction over [the Commonwealth Defendants].  The claim against [her] should be dismissed."  Id .(dismissing complaint because plaintiffs did not effectuate service of process on defendants).

II.     **The Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 8(e)(1) Because It Fails To Contain A Short And Plain Statement Of The Facts And Claims, And Because Its Allegations Are So Vague And Ambiguous That The Commonwealth Defendants Are Unable To Frame A Responsive Pleading.**

Even when viewed under the most lenient standard of review, the Plaintiff's Complaint fails to fulfill the most basic requirements of pleading.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim, and Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise and direct."

In addition, dismissal is warranted, if the Court deems just, under Rule 12(e) if the pleadings are so vague and ambiguous as to deprive the opponent of reasonable opportunity to "frame a responsive pleading." More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  Further, a "district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement."  Keuhl v. Federal Deposit Insurance Corp., 8 F.3d 905, 908 (1993) (citations omitted) (affirming dismissal for failure to comply with Rule 8(a)(2)); accord Newman v. Massachusetts, 113 F.R.D. 341 (D. Mass. 1987); Green v. Massachusetts, 108 F.R.D. 217 (D. Mass. 1985);  Cranney v. Trustees of Boston Univ., 139 F. Supp. 130 (D. Mass. 1956).  A *pro se* complaint that fails to meet this requirement may also be appropriately dismissed.  Dutkiewicz v.

Urban Mass Transportation Admin., 88 F.R.D. 85 (D. Mass. 1980) (dismissing *pro se* complaint because did not serve as a short and plain statement); Overton, 183 F. Supp. 2d at 305-07.

Here, the Plaintiff's internet-generated form Complaint does not set forth any facts that in a short and plain way.  The allegations contained in the sixty-two (62) page Complaint are indirect, convoluted and amorphous.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.  The Complaint fails to identify plain and essential facts required of a complaint, such as any specific wrongful conduct, how the Plaintiff's rights were violated, and the specific harms suffered by the Plaintiff.  Id.  The Complaint merely states bare assertions of legal conclusions, citing numerous Amendments to the U.S. Constitution, as well as several provisions of the United States Code.  Id.

Moreover, in violation of Fed. R. Civ. P. 12(e), the Complaint fails to state any wrongful conduct specifically attributable to the Commonwealth Defendants.  Id.  Based on the information contained in the Complaint, it is impossible for the Commonwealth Defendants to determine what action or inaction they allegedly wrongfully performed, and whether to admit or to deny the allegations in the Complaint.  In this situation, the Complaint clearly fails to fulfill the most basic requirements of Rules 8 and 12, and dismissal is certainly warranted.  Indeed, on August 22, 2005, this Court allowed a similar motion to dismiss in this action with respect to defendants Dennis Healey, Randy Topor, and Lu-Ann J. Eldredge.  See docket # 5.

**III.   Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) Because The Plaintiff Has Failed To Set Forth A Claim Against the Commonwealth Defendants.**

Each of the six counts of the Complaint fails to state a claim upon which relief can be granted.  Although a court should liberally construe a complaint filed by a *pro se* litigant, see

Haines, 404 U.S. at 520, a *pro se* litigant must still allege facts that establish all the elements of his claim. Chongris v. Board of Appeals of the Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (disregarding those "facts" in plaintiff's complaint that rely on "bald assertions, unsupportable conclusions, and opprobrious epithets").  Here, not only does the Plaintiff assert "claims" that do not constitute legal theories of recovery, such as "refusals to enforce the law as it is written and support lawful parenting time," "disparate taxation," and "willful, reckless, and negligent government mismanagement," but also, the Plaintiff's Complaint consists almost entirely of bald accusations and conclusory statements of law, unaccompanied by specific facts demonstrating a violation of legal rights.  Complaint, ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26.

Most significantly, however, in the Plaintiff's sixty-two (62) page Complaint, there is *not one* allegation pertaining to or even mentioning the Commonwealth Defendants by name, except to identify them as parties, nor is there any allegation of wrongful conduct that they may have performed, nor is there an allegation as to how their alleged conduct caused Plaintiff's harm.  Id.

As in Overton, where the *pro se* complaint was dismissed for failure to set forth the elements of the plaintiff's causes of action, the Plaintiff in this case has failed to set forth any allegations referencing the Commonwealth Defendants in order to establish his causes of action.  Overton, 183 F. Supp. 2d at 307.  Even construed under the most liberal, lenient standards, the Complaint never even mentions the Commonwealth Defendants, except to identify them as parties.  Accordingly, the Plaintiff's Complaint must be dismissed as a matter of law for its failure to state a claim upon which relief may be granted.  Indeed, on August 22, 2005, this Court allowed a similar motion to dismiss in this action with respect to defendants Dennis Healey, Randy Topor, and Lu-Ann J. Eldredge, for

the failure to satisfy Fed. R. Civ. P. 8(a) and 12(b)(6).  See docket # 5.

## IV.    Moulton Has Not Shown Standing To Bring This Action

Moulton cannot assert this action on his own behalf or on behalf of others.  Standing is an essential Article III element of subject matter jurisdiction.  Allen v. Wright, 468 U.S. 737, 750 (1984); see e.g., McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 67-68 (1st Cir. 2003). "Standing is thus a threshold question in every case, requiring the court to determine 'whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant [ ] invocation of federal-court jurisdiction.'"  McInnis-Misenor, 319 F.3d at 67 (quoting Warth, 422 U.S. at 498-99; Baker v. Carr, 369 U.S. 186, 204 (1962)).  "A litigant bears the burden of showing that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . ."  McInnis-Misenor, 319 F.3d at 65 (quoting Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982)).  The "injury in fact" requirement means "the plaintiffs must have suffered an injury that is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted).  "[T]he suit must present more than abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches."  McInnis-Misenor, 319 F.3d at 68 (quoting Allen; Warth; Valley Forge).  "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy."  Valley Forge, 454 U.S. at 486.  The requirement that a plaintiff show an injury in fact is necessary to "prevent[] the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders."  United States v. SCRAP, 412 U.S. 669, 687 (1973).

Moulton has not met the standing requirements.  He fails to establish how any of the alleged

constitutional or statutory violations personally involve him.  He makes broad conclusory allegations

regarding injury.  These allegations are insufficient to show Moulton's standing because they do not

allege facts showing that he personally has suffered from any of the alleged constitutional

deprivations that form the basis of his claims.  Nor has Moulton presented any "concrete and

particularized" allegations of injury in fact by simply alleging that he is a non- custodial parent.  At

best, his allegations show an academic interest or disagreement with state family courts.  Lastly,

Moulton has not alleged an injury that is "fairly traceable" to any conduct of the Commonwealth

Defendants.  See Allen v. Wright, 104 S.Ct. 3315, 3324 (1984).  In fact, there are no references to

the Commonwealth Defendants' allegedly wrongful conduct in the Complaint.

Given the absence of standing, this Court should dismiss this matter in its entirety.  Indeed,

on August 22, 2005, this Court allowed a similar motion to dismiss in this action with respect to

defendant James Ayotte.  See docket # 7.

**V.    Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(h)(3) For Lack Of Subject-Matter Jurisdiction Under The Rooker-Feldman Doctrine.**

To the extent that the Plaintiff seeks to have this Court review, on the merits, any of the

decisions of the Probate and Family Court, this Court lacks subject matter jurisdiction.  The Rooker-

Feldman doctrine is derived from two decisions of the United States Supreme Court, Rooker v.

Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460

U.S. 462 (1983).  This doctrine bars this Court from reviewing state-court judgments.

It is well settled under the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. at

416 and District of Columbia Court of Appeals v. Feldman, 460 U.S. at 476, 482, 486, that the

"lower federal courts possess no power whatever to sit in direct review of state court decisions."
Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296
(1970). The federal district courts lack such jurisdiction "even if those challenges allege that the
state court's action was unconstitutional." Feldman, 460 U.S. at 486; accord Shepherdson v. Nigro,
5 F. Supp. 2d 305, 308 (E.D. Pa. 1998) (to establish injury, plaintiff would have to show that the
violation of an independent due process right caused an erroneous adverse decision to be made and
this is precluded by the Rooker-Feldman doctrine); McInerney v. Garcia, 1998 WL 283574, *5
(N.D. Cal. 1998) ("[p]laintiff's attempt to recharacterize actions by the defense counsel and the
judge in [the state superior court case] as an 'extra-judicial' 'conspiracy' does not change the fact
that the present case amounts to a federal appeal of a state judgment," which is barred under
Rooker).

The Court of Appeals for the First Circuit has applied the Rooker-Feldman doctrine on
numerous occasions. See, e.g., Henry v. Connolly, 910 F.2d 1000, 1002 (1st Cir. 1990); Lancellotti
v. Fay, 909 F.2d 15, 17 (1st Cir. 1990); Bricker v. Crane, 468 F.2d 1228, 1231 (1st Cir. 1972). In
Lancellotti, the Court of Appeals for the First Circuit applied the to bar a request for relief from a
state trial court's interlocutory order arising from unpaid alimony orders. 909 F.2d at 16-17.
Affirming dismissal of the action, the First Circuit noted that the "federal district court is without
authority to review final determinations of [a state court] in judicial proceedings." Id. (quoting
Feldman, 460 U.S. at 476).

Here, the gravamen of the Plaintiff's Complaint is the propriety of various orders and
judgments issued by numerous Probate Court Judges and enforced by the Probate Court system. For
example, the Plaintiff contends that the Probate Court in carrying out its duties has erred in issuing

11

child support and other custodial orders allegedly in violation of "non-custodial" parents' rights. Complaint, ¶¶ 53, 55, 92-98, 110.  In other words, Plaintiff complains, in part, that the Court has ruled against him in the litigation before them.  As a remedy for these alleged errors, Plaintiff asks, *inter alia*, that this Court issue a declaratory judgment declaring all orders and judgments issued by the Court to be void.  *Id.* at ¶ 128-148.  The Plaintiffs' Complaint is no more than an attack on the merits of the Probate Court system's orders and judgments, and as such, even under the most lenient review of the Plaintiff's Complaint, it is clear that the Rooker-Feldman doctrine applies to and precludes the Plaintiff's claims.  See Johnson v. Florida, 512 U.S. 997, 1005-06 (1994) (holding that Rooker-Feldman doctrine bars "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a U.S. district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

Because the Plaintiff's claims are, in essence, seeking a review or "revamping" of final alimony, child custody and support decisions rendered in the Probate Court, dismissal of this case under the Rooker-Feldman doctrine is wholly appropriate.  See Rago, 344 F. Supp. 2d at 313-14 (dismissing plaintiff's claims of violation of his federal constitutional rights, arising from allegedly improper probate court orders, based on the application of the Rooker-Feldman doctrine).

**VI.    The Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Due to the Application of the Domestic Relations Exception To Federal Jurisdiction.**

To the extent that the Plaintiff brings any state or domestic law claims in his Complaint, they are subject to dismissal pursuant to the domestic relations exception to federal subject matter jurisdiction.  The United States Supreme Court has established an exception to federal jurisdiction for actions that seek decrees related to issues of divorce, child custody, and child support.

Ankenbrandt v. Richards, 504 U.S. 689, 701-04 (1992); see also, Elk Grove Unified School District, 542 U.S. at 18-19 ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations."). The domestic relations exception to federal court jurisdiction prevents the federal district courts from adjudicating domestic relations claims, which, as a matter of sound policy considerations, are better served by the state courts due to their access to local governmental organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Ankenbrandt, 504 U.S. at 703-4. This principle has been long recognized at common law. In re Burrus, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Moreover, the domestic relations exception governs claims over child support and custody, such as those made by the Plaintiff, even where the claims are disguised as violations of his federal Constitutional rights. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003); Elk Grove Unified School District, 542 U.S. at 18 ("it might be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child custody is not strictly at issue") (internal quotations and citation omitted).

According to the Complaint, all of the causes of action arise from Probate Court proceedings and orders, and the Plaintiff specifically asserts purported causes of action titled: "refusals to enforce the law as it is written and support lawful parenting time" and "conspiracy to enforce unlawful child custody orders." Complaint, pp. 33, 37, and ¶¶ 52, 53, 55, 58, 59, 60, 61, 66, 67, 68, 69, 75-77, 82-86, 89, 92- 98, 101-02, 106-12, 124-26. Although the Plaintiff endeavors to veil many of his claims as involving Constitutional rights and taxation issues, the Plaintiff's requests for relief reveal that

his claims are truly a review Probate Court orders, including his requests for orders requiring the restoration of equal custodial status to all "fit" parents, prohibiting custodial relocation of minor children, requiring reimbursement of child support previously paid to the custodial parent, and ending all court-ordered child support. Complaint, ¶¶ 130, 133, 136, 137, 140. All of these prayers for relief constitute child support, child custody issues and/or seek modification of the Probate Court's orders. Under the domestic relations exception to the federal court's jurisdiction, when the action requires the federal court to consider issues of custody, child support payments or "whether a previous court's determination on these matters should be modified, then the court should dismiss the case." Rykers, 832 F.2d at 900; Rago, 344 F. Supp. 2d at 314 (dismissing plaintiff's purportedly "federal" claims arising from allegedly improper probate court orders, because of application of the domestic relations exception to federal jurisdiction).

Because the Plaintiff's claims fall squarely within the domestic relations exception, the Complaint should be dismissed with prejudice. See LaMontagne v. LaMontagne, 394 F. Supp. 1159, 1160 (D. Mass. 1975) (granting defendant's motion to dismiss because dispute was "nothing more or nothing less than a domestic relations contest" "dressed in constitutional clothing").

## CONCLUSION

For the all of the above independently sufficient reasons, the Commonwealth Defendants

respectfully request that this Court dismiss the Plaintiff's Complaint in its entirety with prejudice

and award all other relief that this Court deems just and necessary.

<div style="margin-left: 40%">

**COMMONWEALTH DEFENDANTS,**
**THOMAS F. REILLY**
**ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
    Timothy M. Jones
    Assistant Attorney General
    Western Massachusetts Division
    1350 Main Street, 4th Floor
    Springfield, MA 01103
    (413)784-1240 ext. 105
    (413)784-1244 - Fax
    BBO#618656

</div>

<div style="text-align:center">

CERTIFICATE OF SERVICE

</div>

I, Timothy M. Jones, hereby certify that on September 15, 2005, I served a copy of the foregoing **COMMONWEALTH DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS** by First-Class Mail, postage prepaid, on the following parties of record:

Jeffrey A. Moulton
33 Sorel Road
Ware, MA 01082

<div style="margin-left: 40%">

By:   /s/ Timothy M. Jones
      Timothy M. Jones

</div>