UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY A. MOULTON,
         PLAINTIFF

v.

KIMBERLY S. MOULTON, et al.,
         DEFENDANT

**Civil Action No. 05-30110-MAP**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY MR. AND MRS. SANDERSON AND MS. MOULTON**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), the complaint against defendants Robert Sanderson, Regina Sanderson and Kimberly S. Moulton (herein the "defendants") should be dismissed because: (I) the complaint fails to set forth any allegations against the defendants and therefore fails to state a claim on which relief can be granted; and (II) the plaintiff lacks standing because he has failed to allege that he has suffered an "injury in fact," attributable to conduct of the defendants. For purposes of this memorandum and the defendants' motion to dismiss, the defendants accept as true the facts set forth in the complaint. Other than in the case caption, and in lists of named parties on pages 6 and 7 of the complaint, the defendants are not identified or mentioned in the complaint. Plaintiff sets forth no facts in the complaint relating to the defendants' conduct. Defendants have no knowledge as to the basis for the complaint against them or the basis of any alleged injury to the plaintiff caused by the defendants' conduct.

**I.     The Complaint Fails to State a Claim Against the Defendants**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take

well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. See Watterson v. Page, 987 F. 2d 1, 3 (1st Cir. 1993). A court however need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets." Chongris v. Board of Appeals, 811 F. 2d 36, 37 (1st Cir. 1987). Dismissal under Rule 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery. See Cooperman v. Individual, Inc., 171 F.#d 43, 46 (1st Cir. 1999). In the instant complaint, there are no facts justifying recovery by the plaintiff against the defendants and therefore the complaint should be dismissed with respect to the defendants.

## II.    The Plaintiff Lacks Standing

To pursue a claim under 42 U.S.C. §1983, a plaintiff must have standing. This principle derives from Article III of the United States Constitution's mandate that the actual or threatened injury alleged be "fairly traceable" to the defendant's conduct and be likely to be redressed by a grant of judicial relief. See, e.g., Allen v. Wright, 104 S.Ct. 3315, 3324 (1984). In the instant complaint, no actual or threatened injury fairly traceable to the defendants can be found. Here, the plaintiff failed to satisfy the requirements of Article III of the United States Constitution. Therefore, the complaint as against the defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, and for the applicable grounds set forth in Defendant, James Ayotte's, Memorandum In Support of Motion to Dismiss, filed, July 29, 2005, Motion of Defendants, Dennis Healey, Randy Topor and Lu-Ann J. Eldredge, To Dismiss Plaintiff's Complaint, filed July 18, 2005, and Defendant Gail L. Perlman's Memorandum of Law in Support of Motion to Dismiss, filed September 12, 2005, the defendants request that the

complaint against them be dismissed.

Dated: November 14, 2005

Respectfully Submitted,
Robert Sanderson
Regina Sanderson
Kimberly S. Moulton,

_____
Sandra J. Staub   BBO#555544
Allison, Angier & Bartmon, LLP
69 South Pleasant Street
Amherst, MA  01002
413 253-9700

## CERTIFICATE OF SERVICE

I certify that today November 14, 2005 I served copies of this Memorandum in Support of Motion to Dismiss by Mr. and Mrs. Sanderson and Ms. Moulton via First Class Mail on the following pro se parties:

Jeffrey A. Moulton
33 Sorel Road
P.O. Box 994
Ware, MA  01082

John F. Gallagher, Esq.
Gallagher, Shea & Gallagher
155 Maple Street
Springfield, MA  01105

Dated: November 14, 2005

_____
Sandra J. Staub

3